PEOPLE *v.* CRAWFORD

1. CRIMINAL LAW —EVIDENCE — INFERENCES — CIRCUMSTANTIAL EVIDENCE.

Guilt may be established by inferences from circumstantial evidence.

2. HOMICIDE—MURDER—EVIDENCE—SUFFICIENCY.

Evidence that the defendant and the deceased quarreled during a crap game, defendant left the scene for 20 or 25 minutes, resumed the argument after returning, invited the deceased outside to fight, and shot the deceased while outside was sufficient to support a conviction of murder in the first degree.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 December 11, 1970, at Grand Rapids. (Docket No. 8850.) Decided January 27, 1971. Leave to appeal denied April 16, 1970, 384 Mich 829.

John Crawford was convicted of murder in the first degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul M. Ladas,* Prosecuting Attorney, for the people.

*O'Toole & Johnson,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  30 Am Jur 2d, Evidence § 1125.
[2]  40 Am Jur 2d, Homicide § 425 *et seq.*

Before: Fitzgerald, P. J., and Quinn and McIntyre,* JJ.

Per Curiam. November 20, 1969, a jury found defendant guilty of murder in the first degree.[1] His motion for new trial was denied; he was sentenced and he appeals. Defendant's allegations of error relate to the sufficiency of the evidence, the fairness of the trial, and to instructions given and not given.

August 13, 1969, defendant, decedent, and others were attending a party at a private home where gambling occurred. During a crap game in which defendant and decedent participated, they had a dispute over money. Although defendant denies it, the dispute was apparently settled amicably, and defendant left. Twenty to twenty-five minutes later, defendant returned and the argument between him and decedent resumed. Defendant invited decedent outside and the altercation moved outside the house and ended when defendant shot and killed decedent.

Defendant's attack on the sufficiency of the evidence relates to the elements of premeditation and malice. It is his contention, that except by inference, there is no proof that he left the house to obtain a gun and to return to shoot decedent, and that such an inference is improper. Guilt may be established by inferences from circumstantial evidence, *People* v. *Stoneman* (1967), 7 Mich App 65. From the facts that after the first quarrel, defendant left for twenty to twenty-five minutes, returned and resumed the argument and invited decedent outside to fight during which he undeniably shot decedent, the jury could infer the necessary elements of murder in the first degree. There was sufficient evidence to take the case to the jury on a charge of murder in the first

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

degree and to sustain a verdict of guilty of that charge.

Defendant claims error in the trial court's instruction on mitigation of homicide by provocation and passion. The court instructed:

"The provocation must be of such a character and so close upon the act of killing that for a moment the respondent could not be considered as master of his own understanding. If such an interval of time elapses between the provocation and the act of killing, as was reasonably sufficient for reason to resume its sway, the offense is not mitigated to manslaughter."

Relying on *People* v. *White* (1969), 15 Mich App 527, defendant says this was erroneous. The erroneous instruction in *White, supra,* read in pertinent part, "it is also necessary that the killing be done immediately upon the happening or the provocation". This is not the case before us. The instruction complained of was proper.

It is defendant's position that the trial court's instruction on second-degree murder was insufficient and confusing to the point of being erroneous. We note that defendant requested no instructions, objected to no instruction given and agreed to the instructions given. The instruction presently discussed reads:

"Before you would be justified in convicting the defendant of murder in the first degree you must be convinced from the evidence, and beyond a reasonable doubt, that the defendant feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought did kill and murder Clarence Pascal, Jr.

\* \* \*

"Second-degree murder is the unlawful and unjustifiable killing of a person in being against the peace

of the state, by a person of sound memory and discretion with malice aforethought.

"Now, you notice immediately that the quality of premeditation is absent in the definition of murder in the second degree, but the quality of malice is present in murder in the second degree".

This instruction adequately states the law and defendant is in no position to assert error because more was not given. GCR 1963, 516.2.

Defendant asserts as error the trial court's failure to instruct on the effect of character and reputation evidence. He requested no such instruction nor did he object to the instructions given. This alleged error is not preserved for review. GCR 1963, 516.2.

With respect to the defendant's assertion that he had an unfair trial, the record refutes that assertion.

Affirmed.