PEOPLE v. ALFRED BROWN

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—
REQUEST TO CHARGE.
   Failing to instruct the jury on lesser included offenses is not
   error where there is not a request for such instructions.

2. POISONS—MORPHINE—WORDS AND PHRASES.
   "Poison" includes narcotics such as morphine.

3. HOMICIDE—FIRST-DEGREE MURDER—MORPHINE.
   Premeditation and malice could be inferred from the circum-
   stances where there was direct evidence that defendant was
   one of two men who administered an injection of morphine
   to the deceased (MCLA 750.316).

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.  Submitted Division 1 November
8, 1971, at Lansing.  (Docket No. 9531.)  Decided
November 24, 1971.

Alfred O. Brown was convicted of first-degree
murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Der-
engoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Dominick R. Carnovale*,
Chief, Appellate Department, and *Thomas P. Smith*,
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 797.
[2] 40 Am Jur 2d, Homicide §§ 231, 574.
[3] 40 Am Jur 2d, Homicide § 263 *et seq.*

*Thomas J. Olejnik,* for defendant on appeal.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. A jury found the defendant guilty of murder in the first degree, MCLA § 750.316 (Stat Ann 1971 Cum Supp § 28.548), for which he received a sentence of life imprisonment.

It is asserted that the trial judge erred reversibly when he neglected, *sua sponte,* to charge the jury on other than first-degree murder. The well-established rule in Michigan is exemplified in *People* v. *Phillips* (1971), 385 Mich 30, where it was stated:

"Where a request has been made to charge the jury on a lesser included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser offense, refusal to give the requested instruction is reversible error *but, in the absence of such a request, the trial court does not err by failing to instruct on the included offenses. People* v. *Jones* (1935), 273 Mich 430." (Emphasis supplied.)

As to defendant's other assignment of error, it is apparent that "poisons" include narcotics such as morphine. 72 CJS, Poisons, § 1, p 162. It is further apparent that when poison has been administered and death ensues, there is an inference that the killing was intentional and with malice aforethought. *People* v. *Gerndt* (1928), 244 Mich 622, 1 Wharton's Criminal Evidence (12th ed), § 132, p 251.

There was direct evidence that defendant was one of two men who administered an injection to the deceased victim and his brother, who survived the injection he received. It was not necessary to show

further details of the poison used. *People* v. *Kuhn* (1925), 232 Mich 310. Premeditation and malice may be inferred from circumstantial evidence. *People* v. *Crawford* (1971), 30 Mich App 221.

Affirmed.