PEOPLE v. GRAHLFS

1. LARCENY—INTENT—EVIDENCE—INFERENCES.
    The intent to commit a larceny can be inferred from the nature of defendant's acts.

2. LARCENY—INTENT—EVIDENCE.
    Defendant's intent to commit larceny could reasonably be inferred where the evidence showed that defendant arrived in a truck, late at night, at the back door of a building, which had been illegally entered earlier in the night, defendant entered the building, and attempted to lift a safe, which had, during the earlier entry, been moved near the back door.

3. BURGLARY—BREAKING AND ENTERING—EVIDENCE—ADMISSIBILITY—ENTIRE CRIMINAL ACT.
    Evidence concerning the manner in which a building had been originally illegally entered was admissible in defendant's trial for breaking and entering the building with intent to commit larceny where police officers testified that, after being told of the original illegal entry into the building, they waited at the building and saw the defendant arrive in a truck at the building's back door, enter the building, and attempt to lift a safe, which during the earlier entry had been moved near the back door, because the evidence showed the nature of the entire criminal act (MCLA § 750.110).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 May 10, 1971, at Lansing. (Docket No. 8300.) Decided May 24, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Larceny § 35.
[2] 13 Am Jur 2d, Burglary § 25.
    50 Am Jur 2d, Larceny § 147.
[3] 13 Am Jur 2d, Burglary §§ 24, 25, 50.

James D. Grahlfs was convicted of attempted breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl H. Leitner,* for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and Quinn, JJ.

Per Curiam.. Defendant was charged with breaking and entering with intent to commit a larceny,[1] and was found guilty by a jury of attempted breaking and entering.[2]

The owner of a restaurant in Flint went to his business establishment late at night and discovered that the building had been entered. He found that the safe had been moved from the front of the building to the back door of the building, and the rear door had been wedged slightly open. The owner called the police. The police, after assessing the situation, decided to remain in the restaurant to see if anyone would return. Somewhat later, defendant, in the company of another, arrived with a truck, entered the restaurant by means of the rear door, and attempted to lift the safe. The police were noticed, defendant and the accomplice ran, the accomplice was shot, and defendant was apprehended.

[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

At trial, defendant testified that he never entered the building and never attempted to lift the safe. He asserted that he had merely gone along with the accomplice to decide if he would help the accomplice load the safe on the truck.

On appeal defendant asserts that the trial court erred in denying the defendant's motion for a directed verdict at the close of the people's proofs. The motion was based upon the alleged failure of the prosecution to prove the intent to commit a larceny. The intent to commit a larceny can be inferred from the nature of defendant's acts. *People v. Gollman* (1966), 3 Mich App 463; *People v. Saunders* (1970), 25 Mich App 149. There was more than sufficient evidence to allow the question to go to the jury.

Defendant also asserts that he was denied a fair trial by reason of false testimony given by the policemen. The sole basis for this assertion is that the policemen's testimony differed from that given by the defendant. The question of the credibility of witnesses is to be determined by the jury. *People v. Moss* (1969), 16 Mich App 295.

Defendant's final allegation of error is based upon the denial of defendant's motion for mistrial. Defendant moved for a mistrial on the basis that the testimony as to the method of original entry was prejudicial and irrelevant. The motion was denied. We find no error, for the evidence of the manner by which the restaurant was originally entered was properly admitted to show the nature of the entire criminal act. It was clearly relevant to the jury's understanding of the manner and nature of the crime.

Affirmed.