PEOPLE *v.* PHILLIPS
PEOPLE *v.* LEE
PEOPLE *v.* LENGYEL

1. CRIMINAL LAW—PROSECUTOR'S CONDUCT—FAIR TRIAL—DUE PROCESS—DISCRETION—MISTRIAL.

Denial of a fair trial and due process of law, as contended by defendants, because of the comments and remarks of the prosecutor during trial not sustained as there was no showing of prejudice which prevented a fair trial, since the objections to those comments and remarks were addressed to the judgment and discretion of the trial judge in ruling on each occasion as it arose and there was no motion in the trial court for mistrial on the ground of misconduct of the prosecutor.

2. RAPE—INTENT.

Intent is not an essential element in a prosecution for rape (MCLA § 750.520).

3. RAPE—ASSAULT WITH INTENT TO RAPE—FELONY—INTENT.

Assault with intent to rape is a crime separate from rape, is punishable as a felony, and the gist of this offense is intent (MCLA § 750.85).

4. RAPE—ASSAULT WITH INTENT TO RAPE—ASSAULT AND BATTERY—INCLUDED OFFENSES.

An accused charged with rape may be convicted of assault with intent to commit rape, assault and battery, or simple assault, as these are lesser included offenses in a charge of rape (MCLA §§ 750.85, 750.520).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234.
[2] 21 Am Jur 2d, Criminal Law § 93.
[3, 4, 8] 44 Am Jur, Rape §§ 21–25.
[5–7] 53 Am Jur, Trial §§ 286, 796–802.
[9, 10] 21 Am Jur 2d, Criminal Law §§ 81–85.

5. CRIMINAL LAW—INSTRUCTIONS—INCLUDED OFFENSES—EVIDENCE—
FAILURE TO REQUEST INSTRUCTIONS.

Upon a request to charge the jury on a lesser included offense
the duty of the trial judge is determined by the evidence; if
evidence has been presented which would support a conviction
of a lesser offense, refusal to give the requested instruction is
reversible error but, in the absence of such a request, the trial
court does not err by failing to instruct on the included
offenses.

6. CRIMINAL LAW—INSTRUCTIONS—INCLUDED OFFENSES—EVIDENCE.

In a joint trial the judge properly instructed the jury as to all
defendants on the included offenses although no request was
made by two defendants for such an instruction; where no
request to charge has been made but there is evidence during
the trial which would support a conviction of a lesser offense,
the trial judge may, *sua sponte,* instruct on the lesser offense.

7. CRIMINAL LAW—EVIDENCE—LESSER OFFENSES.

Even though the evidence for the people, if believed, shows the
defendant to be guilty of the offense charged, this does not
preclude a conviction of a lesser offense.

8. RAPE—ASSAULT WITH INTENT TO RAPE—INTENT—JURY QUESTION.

Presence or absence of specific intent to rape is a question for
the jury where the offense is assault with intent to rape.

9. CRIMINAL LAW—INTENT.

Intent is a state of mind which may be inferred from facts and
circumstances established beyond a reasonable doubt.

10. RAPE—PHOTOGRAPHS—EVIDENCE—STATE OF MIND—INTENT—IN-
STRUCTIONS—FAILURE TO REQUEST INSTRUCTIONS.

Photographs of defendants taken at the time of their arrest, 10
to 12 hours after the alleged offenses of rape had been com-
mitted, and testimony of an officer that, at the time of arrest,
certain writings, generally considered to be obscene sexual
expressions, were on the bodies of each defendant and his
testimony describing their appearance at the time of their
arrest, had a material bearing on their state of mind which
the jury was entitled to consider as to the issue of intent and
the fact that the trial judge did not instruct the jury that
this evidence could be considered solely for that purpose was
not error since there was no request for a limiting instruction
(MCLA §§ 750.520, 768.27, 768.29; GCR 1963, 516.2, 785.1).

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and McGregor and Bronson, JJ., affirming Wayne, Charles Kaufman, J. Submitted January 6, 1971. (No. 4 January Term 1971, Docket Nos. 52,687, 52,793, 52,800.) Decided June 2, 1971.

20 Mich App 103 affirmed.

Ronald Phillips, Michael C. Lee, and Larry Lengyel were convicted of rape. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Marvin Blake (Norman L. Zemke, P. C.,* of counsel), for defendant Ronald Phillips on appeal.

*Sherwin Schreier (Norman L. Zemke, P. C.,* of counsel), for defendants Michael C. Lee and Larry Lengyel on appeal.

PER CURIAM.

FACTS AND PROCEEDINGS

Defendants Phillips, Lee and Lengyel, together with three others, were charged in a single-count information with forcible rape of a 16-year-old complainant. All six defendants were tried jointly before a jury without objection and in the absence of any prior motions for separate trials. One defendant was acquitted. The five convicted defend-

ants appealed to the Court of Appeals where their convictions were affirmed. (20 Mich App 103.) The facts are sufficiently detailed in the majority and dissenting opinions of that Court and need not be repeated here. We granted leave to appeal to defendant Phillips on February 3, 1970. (383 Mich 765.) Leave to appeal was granted to defendants Lee and Lengyel on May 20, 1970, and the three cases ordered consolidated. (383 Mich 784.) No requests for leave to appeal were filed by the remaining two defendants.

## QUESTIONS INVOLVED

The trial of defendants covered a period of four weeks. There are numerous assignments of error. We consider only two to merit discussion.

*First,* appellants contend they were denied a fair trial and due process of law because of the conduct of the prosecutor during the trial. Appellants describe the situation this way:

"Throughout the trial the prosecuting attorney persisted in making side comments and additional remarks, generally nonlegal in character, many times after the court had made its ruling upon objections raised. Often motion was made to have the comment stricken, and sometimes they were. Most of the time, however, the remarks were permitted to stay in the record."

Objections made during the trial to the comments and added remarks supplied by the prosecutor were addressed to the judgment and discretion of the trial judge in ruling on each occasion as it arose. We are not convinced that a condition of prejudice prevailed which prevented a fair trial. Appellants concede there was no motion for mistrial made in the trial court on the ground of misconduct of the

prosecutor. On such record we are unwilling to find reversible error.

*Second,* appellants urge that the trial judge committed reversible error in admitting in evidence photographs of them taken at the time of their arrest, some 10 to 12 hours after the alleged offense, and in allowing testimony describing their appearance when arrested. The arresting officer testified that at the time of the arrest certain writings, generally considered to be obscene sexual expressions, were on the bodies of each man. He stated further that defendant Lengyel had a torn brassiere around his neck and that defendants Lee and Phillips had prophylactics hanging from their clothing. Shortly after their arrival at the police station, the three were photographed nude from the waist up in both front and rear positions which is admittedly unusual police procedure.

During the trial, Phillips defended on the ground that whatever acts he committed with reference to the complainant were done with her consent and that, due to his drinking for the better portion of the previous two days, he was physically incapable of engaging in an act of sexual intercourse even though the opportunity was present; Lengyel denied he had relations of any kind with the complainant; and Lee denied having intercourse with the complainant, claiming she rejected him because he was married.

In the cross-examination of defendant Lengyel, the prosecutor inquired into the facts and circumstances of his arrest and whether there was any writing on his body when arrested. Over the objection of defense counsel, the prosecutor was permitted to show photographs to Lengyel and inquire if they served to refresh his memory as to the writings on his body at the time of his arrest.

Lengyel agreed as to the presence of the writings but could not recall that anyone had put them there. He was also shown photographs of defendants Phillips and Lee, purporting to show writings on their bodies at the time of arrest, and was interrogated regarding the identity of those defendants as shown in the photographs.

Appellants argue that the admission of the photographs in evidence was error, claiming they were neither relevant nor material to the offense charged, and that any probative value of the pictures was nullified by their inflammatory character and prejudicial effect. The people's response is that the photographs served to characterize the mental attitude and intent of the defendants to carnally ravish and that they are corroborative of the testimony of the complainant. The prosecutor relied on the statute which provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." MCLA § 768.27 (Stat Ann 1954 Rev § 28-.1050).

Defendants were charged in the information with feloniously and unlawfully by force and against her will ravishing etc., a female over the age of 16 years. The crime is commonly known as rape. MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). In a prose-

cution for rape, intent is not an essential element. 4 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 2176, p 2396.

Assault with intent to rape is a crime separate from rape and is likewise punishable as a felony by MCLA § 750.85 (Stat Ann 1962 Rev § 28.280). The gist of this offense is intent. *People* v. *Petty* (1926), 234 Mich 282; *People* v. *Guillett* (1955), 342 Mich 1, 6.

An accused charged with rape may be convicted of assault with intent to commit rape, assault and battery, or simple assault. *People* v. *Gibbons* (1932), 260 Mich 96. These are lesser included offenses in a charge of rape. *People* v. *McKee* (1967), 7 Mich App 296, leave to appeal denied. (379 Mich 785.)

Where a request has been made to charge the jury on a lesser included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser offense, refusal to give the requested instruction is reversible error but, in the absence of such a request, the trial court does not err by failing to instruct on the included offenses. *People* v. *Jones* (1935), 273 Mich 430.

In the case at bar, there was no request by defendants Phillips and Lengyel for an instruction on included offenses. There was such a request by defendant Lee. Nonetheless, the trial judge instructed the jury as to all defendants on the included offenses. This was not error. Where no request to charge has been made but there is evidence during the trial which would support a conviction of a lesser offense, the trial judge may, *sua sponte,* instruct on the lesser offense. *People* v. *Milhem* (1957), 350 Mich 497.

Even though the evidence for the people, if believed, shows the defendant to be guilty of the offense charged, this does not preclude a conviction of a lesser offense. *People* v. *Blanchard* (1904), 136 Mich 146; *People* v. *Norman* (1968), 14 Mich App 673.

In this case, each of the defendants denied forcibly raping the complainant and each testified as to the details of his conduct with complainant at the time of the alleged offense. If their testimony was believed by the jury, there was no concert of action among them or with the other defendants to commit a forcible rape. The jury could have found each defendant guilty of assault with intent to rape. Such a verdict would be substantiated by proof of a specific intent. The presence or absence of such specific intent was a question for the jury.

Intent is a state of mind which may be inferred from facts and circumstances established beyond a reasonable doubt. *United States* v. *Summerour* (ED Mich, 1968), 279 F Supp 407. Part of the facts and circumstances of this case was the physical condition in which defendants were found at the time of their arrest—about 12 hours after the alleged offenses had been committed. The photographs and description of the appearance of these defendants at the time of their arrest had a material bearing on their state of mind which the jury was entitled to consider as to the issue of intent. The fact that the trial judge did not instruct the jury that this evidence could be considered solely for that purpose was not error since there was no request for a limiting instruction. MCLA 768.29 (Stat Ann § 28.1052); GCR 1963, 516.2, and 785.1; *People* v. *Manchester* (1926), 235 Mich 594; *People* v. *Digione* (1930), 250 Mich 206; *People* v. *Clark* (1954), 340 Mich 411; *People* v. *George Baker*

(1967), 7 Mich App 7; *People* v. *Anderson* (1968), 13 Mich App 247.

Viewed in its totality, the evidence presented during the four-week trial, if believed by the jury, is ample to sustain the conviction of these defendants. The convictions are affirmed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.