PEOPLE v JOHNSON

1. ASSAULT AND BATTERY—INTENT TO COMMIT MURDER—DISCHARGE OF FIREARMS—STATUTES.

   The intentional discharge of a firearm at someone within range is an assault and the usual result and purpose of such an assault is death; the unjustified and unexcused intention to kill when committing an assault constitutes the crime of assault with intent to commit murder (MCLA 750.83).

2. CRIMINAL LAW—INTENT—INFERENCES—EVIDENCE.

   A criminal's intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows.

3. ASSAULT AND BATTERY—MURDER—EVIDENCE—INTENT—INFERENCES —HOMICIDE—JURY—DISCHARGE OF FIREARMS.

   A jury could properly infer the existence of intent to commit murder where the evidence adduced at trial was that the defendant leaned out a car window and fired a sawed-off shotgun at a uniformed policeman chasing him on foot; therefore a jury conviction of assault with intent to do great bodily harm less than murder was sustainable (MCLA 750.84).

Appeal from Recorder's Court of Detroit, George T. Ryan, J. Submitted Division 1 June 11, 1974, at Detroit. (Docket No. 16221.) Decided July 22, 1974. Leave to appeal denied, 392 Mich 800.

George Johnson, Jr., was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 40 Am Jur 2d, Homicide §§ 568–582.
[2] 21 Am Jur 2d, Criminal Law § 81.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *John L. Thompson, Jr.,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. Gillis, P. J., and Allen and Elliott,* JJ.

Elliott, J. As in a cops and robbers movie, a police car is hailed to follow robbers fleeing the wrong way on a one-way street. When the police car stalls, officers run after the robber's car. That vehicle collides with a parked car and bounces into a taxicab before defendant leans out a car window and fires a sawed-off shotgun at a uniformed policeman chasing him. Defendant is finally caught on a freeway with the gun and charged with assault with intent to commit murder, MCLA 750.83; MSA 28.278.

The intentional discharge of a firearm at someone within range is an assault. The usual result and purpose of such an assault is death. The unjustified and unexcused intention to kill when committing an assault constitutes the crime charged.

There would rarely be a conviction if a criminal's intent had to be confessed or proven directly by a witness. Intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows.

From the evidence adduced at trial, the jury could have properly inferred the existence of intent to commit murder. Rather, the jury found the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

included offense, assault with intent to do great bodily harm; and defendant received a moderate three-to-ten year sentence. The instruction permitting inference of intent was not error. No other error is claimed.

Affirmed.

All concurred.