PEOPLE v GONZALES

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—
   ADVICE TO DEFENDANT—NATURE OF CHARGE—COURT RULES.

   The court rule, which directs that the court shall not accept a
   plea of guilty or nolo contendere without first personally ad-
   dressing the defendant and informing him of and determining
   that he understands the general nature of the charge to which
   the plea is offered, was followed where the court recited the
   offense charged, defendant's counsel represented he had dis-
   cussed the charge with defendant, and defendant made admis-
   sions of facts as to the elements of the crime charged (GCR
   1963, 785.7[1][a]).

2. CRIMINAL LAW—SENTENCING—ADVICE TO COURT—COURT RULES.

   A court before imposing sentence shall give the defendant and his
   lawyer a reasonable opportunity to advise the court of any
   circumstances they believe the court should consider in impos-
   ing sentence (GCR 1963, 785.8[2]).

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 2 January 13, 1975, at Lans-
ing. (Docket No. 18546.) Decided April 23, 1975.

Salvadore Gonzales was convicted, on his plea of
guilty, of armed robbery. Defendant appeals. Af-
firmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Richard G. Bensinger,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 487, 501.

   29 Am Jur 2d, Evidence §§ 526, 702.

   Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

*Campbell, Lee, Kurzman & Leitman,* for defendant.

Before: T. M. Burns, P. J., and D. E. Holbrook and M. J. Kelly, JJ.

D. E. Holbrook, J. Defendant pled guilty to the charge of robbery armed, contrary to MCLA 750.529; MSA 28.797; was sentenced on July 23, 1973, to a term of from 6 to 20 years in prison; and now appeals as of right.

Defendant raises four issues, two of which require consideration by this Court.

## I

Did the trial court fail to inform the defendant of the nature of the charge, as required by GCR 1963, 785.7(1)(a)?

In the facts set forth by defendant-appellant in his brief on appeal the following is stated:

"Salvadore Gonzales, the defendant and appellant herein, was charged by information in the Circuit Court for the County of Oakland with the offense of armed robbery. The defendant appeared for arraignment before the Honorable Farrell E. Roberts on May 25, 1973. At all times in the proceedings in the District Court and Circuit Court, the defendant was represented by appointed counsel.

"On June 1, 1973, the March, 1973 amendments to GCR 1963, 785 became effective. On June 21, 1973, this cause was reached for trial. Upon the prosecutor indicating that the People were ready to proceed to trial on the charge of armed robbery, the defendant, through his counsel, indicated that the defendant 'wishes to plead guilty.'

"The court then advised the defendant of the minimum and maximum sentence for the offense; inquired concerning his status as a parolee or probationer; ad-

vised him of his right to trial by jury or by the court, his right to counsel, presumption of innocence, right to cross examine People's witnesses, freedom from testifying and from having adverse inferences drawn from his failure to testify. The court further inquired as to threats or promises made to induce a plea of guilty and asked the defendant if he was pleading guilty to armed robbery.

"The court then elicited answers to two questions:

"1. 'What kind of weapon was used?'

"Answer: 'It was a knife.'

"2. 'Did you take some money?'

"Answer: 'Yes.' "

Nowhere in the related facts does the defendant claim that he did not understand the general nature of the charge made against him.

The defendant with his trial counsel was present at court for trial before a jury at the time the following colloquy took place:

*"Mr. Jacques:* Emery Jacques for the defendant, Salvadore Gonzales, who is present in the jury box.

"I have on many and numerous occasions discussed this pending trial and another pending trial with Mr. Gonzales. In regard to this particular charge of robbery armed, he understands in this particular regard he has a right to a trial by the court or by the jury.

*"The Court:* I have to go through all that anyway.

*"Mr. Jacques:* All right. In regard to the charge of robbery armed in this particular matter, Mr. Gonzales wishes to plead guilty. We have discussed that, and he wishes to plead guilty.

* * *

*"The Court:* You are pleading guilty to armed robbery?

*"Mr. Gonzales:* Yes, I am.

*"The Court:* What kind of a weapon was used?

*"Mr. Gonzales:* It was a knife.

*"The Court:* And did you use that knife to take some property away from somebody?

*"Mr. Gonzales:* You mean I have to answer all this right now?

*"Mr. Jacques:* Yes.

*"The Court:* Did you take some money?

*"Mr. Gonzales:* Yes.

*"The Court:* How much?

*"Mr. Gonzales:* I really don't know.

*"The Court:* Well, was it more than—it does not really matter how much it was.

*"Mr. Gonzales:* Well, I have no idea anyway.

*"The Court:* But it was money?

*"Mr. Gonzales:* Right."

A recital of the offense charged, coupled with the representations by defendant's trial counsel that he had discussed the charge with defendant and defendant's subsequent admissions of facts as to the elements of the crime charged, are sufficient to conclude that the defendant was informed of and understood the general nature of the crime charged. The term armed robbery would be difficult to further explain, except by enumeration of the elements of the offense, which the court rule does not require.[1]

Under the facts in this case this Court would rule that GCR 1963, 785.7(1)(a) was complied with by the trial court. We further note that it appears in the plea-taking proceedings that the defendant understood the nature of the charge made against him, and he does not now assert that he did not so

---

[1] GCR 1963, 785.7(1)(a) provides:

"(1) Advice by the Court. The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:

"(a) the general nature of the charge to which the plea is offered; the court is not obliged to, but may explain the elements of the offense or any defenses possible."

understand the nature of the charge when he pled guilty. It is evident that such appeals as this one are prompted by a dislike of the sentence imposed, and not the sufficiency of the plea-taking proceedings.

II

Is defendant entitled to be resentenced because at the sentencing the trial court failed to give defendant an opportunity to advise the court of any specific circumstances which should be considered in imposing sentence?

At sentencing the following appears in the record:

*"The Court:* We discussed this matter in chambers with your counsel.

"We are sentencing you to 6 to 20 years in the State Prison of Southern Michigan, less 102 days for time already served."

GCR 1963, 785.8(2) requires that before imposing sentence the court "shall * * * give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence".

In view of the fact that the record fails to show that defendant was given an opportunity to advise the court in accord with the court rule, we are constrained to remand for resentencing.

Affirmed. Remanded for resentencing.