## PEOPLE v BREWER

1. RECEIVING STOLEN GOODS—INSTRUCTIONS TO JURY—DEFENDANT'S KNOWLEDGE—REQUEST FOR INSTRUCTION—EVIDENCE.

    A jury instruction, in a trial for receiving or concealing stolen property, which indicated that the defendant may have had knowledge that the property was stolen was proper where the trial judge merely restated the defense theory, the instruction was requested by defense counsel, there was sufficient circumstantial evidence for the jury to infer that the defendant did have knowledge the property was stolen, and it was not a case where the trial judge had instructed that an essential element of the offense existed as a matter of law.

2. RECEIVING STOLEN GOODS—GUILTY KNOWLEDGE—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

    Evidence of a defendant's guilty knowledge can be collected from all the circumstances; possession and use of stolen merchandise, near in time to its theft, and fleeing the scene of the crime is evidence of guilty knowledge in a trial for receiving or concealing stolen property.

3. CRIMINAL LAW—DIRECTED VERDICT—EVIDENCE—MATERIAL ELEMENTS—TRIER OF FACT— REASONABLE DOUBT.

    A motion for a directed verdict of acquittal may only be granted where there is no evidence at all, either direct or circumstantial, on a material element of the offense charged; in the event the requisite evidence is presented it is submitted to the trier of fact for a determination of whether such evidence established guilt beyond a reasonable doubt.

4. RECEIVING STOLEN GOODS—DIRECTED VERDICT—EVIDENCE—SUFFICIENCY OF EVIDENCE.

    The evidence that a defendant knowingly bought, concealed or

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 66 Am Jur 2d, Receiving Stolen Property §§ 32, 33.
[2] 66 Am Jur 2d, Receiving Stolen Property §§ 25–31.
[3] 75 Am Jur 2d, Trial §§ 336, 489.
[4] 66 Am Jur 2d, Receiving Stolen Property § 19 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

received stolen property was sufficient to withstand a motion for a directed verdict where the evidence showed that shortly after a car theft the defendant was apprehended fleeing from a garage which housed the stolen vehicle, defendant's palm print was found on the stolen vehicle, and the car was in a stripped condition when defendant was apprehended.

5. CRIMINAL LAW—SENTENCING—ADVICE TO COURT—COURT RULES.

A sentencing court is required to give a defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence; conformity with this practice must affirmatively appear on the record (GCR 1963, 785.8, 785.9).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 4, 1975, at Lansing. (Docket No. 19032.) Decided April 24, 1975.

Guy Allen Brewer was convicted of receiving or concealing stolen property. Defendant appeals. Affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Rimantas A. Rukstele,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. The defendant, Guy Allen Brewer, was convicted by a jury of receiving or concealing stolen property. MCLA 750.535; MSA 28.803. The stolen property in question was a 1973 Ford Maverick automobile. Defendant appeals his conviction as a matter of right.

Defendant's first claim of error concerns the trial court's instruction to the jury regarding de-

fendant's knowledge that the car was stolen. In charging the jury on defendant's theory of the case, the court originally made the following statement:

"The theory of the defendant's case is while the defendants may have been in the area and may have been arrested by the Deputy, Ronald Winkler, that they had no knowledge the car was stolen which is an essential element of this crime, that they did have to have knowledge and aid in the concealment of such car."

At the conclusion of the court's charge, while the jury was out of the room, defense counsel objected to the court's presentation of the defendant's theory of the case, stating:

"In my closing argument it was evident I indicated in fact there was knowledge this particular motor vehicle was stolen. It is replete on the record. Our theory is mere presence is not enough to convict. You indicated our theory was they did not have knowledge the vehicle was stolen."

After convincing himself through further discussion that defense counsel admitted the element of knowledge and only disputed whether defendant had aided or counselled in the receiving and concealing, the court called back and re-instructed the jury on defendant's theory of defense:

"Members of the jury, the Court has been advised by counsel that it possibly misspoke the theory of the defendants. I want to make clear in your minds what the theory was, the theory of the defendants, and the court initially said that the defendants' position was that they did not have knowledge that the property in question had been stolen—that the car had been stolen. It is actually the theory of the defendants while they

may have had knowledge, they did not aid in the concealment of said car. There is a distinction there. They may have had knowledge the car was stolen, but did not aid in concealment and, of course, this is an essential element of that offense which must be proven beyond a reasonable doubt."

Defendant now argues this instruction conceded an essential element that was not supported by the evidence, to wit: knowledge that the property was stolen; and, that the court erred in re-instructing even though it was requested by defendant's counsel. We cannot agree. This is not a case where the trial judge has instructed that an essential element of the criminal offense exists as a matter of law. *People v Reed,* 393 Mich 342, 351; 224 NW2d 867 (1975). Rather, the trial judge here merely restated defendant's theory and, indeed, modified the defense position so as not to evidence a total acquiescence in the element of knowledge. A close reading of the second charge evidences little more than a statement of an alternative theory, that while defendant "may" have had knowledge, he did not aid in concealment. We do not interpret the charge as judicial invasion into the province of the jury to determine all elements of an offense which was disapproved in *People v Reed, supra.*

The only basis on which the court could have refused defendant's request to re-charge would have been if there were no evidence tending to establish defendant had knowledge the car was stolen. *People v Knox,* 364 Mich 620; 111 NW2d 828 (1961), *People v Ware,* 12 Mich App 512; 163 NW2d 250 (1968). There was sufficient circumstantial evidence brought forth by the prosecution to allow the jury to infer that defendant had knowledge the car was stolen. The stolen vehicle was

spotted by an independent witness within an hour after its theft and the witness kept up a surveillance until a group of men returned with tools; a police officer responding to the witness's call went to the site and five men fled from the garage; the officer gave chase and returned with five men; defendant was identified as one of those men and his palm print was found on the stolen vehicle. The vehicle had suffered the loss of its trunk lock, the hood was up, spark wires were pulled and the fuel line and battery cables were disconnected. Evidence of defendant's guilty knowledge can be collected from all of the circumstances. *People v Tantenella,* 212 Mich 614; 180 NW 474 (1920), *People v Keshishian,* 45 Mich App 51; 205 NW2d 818 (1973). Possession and use of stolen merchandise, near in time to its theft, is some evidence of guilty knowledge. *People v McLott,* 55 Mich App 198; 222 NW2d 178 (1974). Defendant's evasive action by fleeing the scene is some evidence of guilty knowledge. *People v Hutton,* 50 Mich App 351; 213 NW2d 320 (1973). These factors were sufficient to support the charge as given.

Defendant's second assignment of error arises from the trial court's refusal to direct a verdict at the close of the people's proofs. In *People v Hodo,* 51 Mich App 628, 639; 215 NW2d 733 (1974), this Court set forth the standard to be followed in determining whether a motion for a directed verdict of acquittal should be granted:

"A motion for a directed verdict of acquittal may only be granted where there is no evidence at all, either direct or circumstantial, on each material element of the offense charged. In the event the requisite evidence is presented, it is submitted to the trier of fact for a determination of whether such evidence established guilt beyond a reasonable doubt. *People v Abernathy,*

253 Mich 583; 235 NW 261 (1931); *People v Garcia,* 33 Mich App 598; 190 NW2d 347 (1971)."

On appeal defendant claims that the prosecution failed to prove two essential elements: (1) the defendant's guilty knowledge; and (2) that defendant either bought, concealed or received the stolen property. Proof of defendant's guilty knowledge being sufficient to support the jury instruction discussed *supra,* it was sufficient to withstand a motion for directed verdict.

There was also sufficient circumstantial evidence that defendant either received or concealed, or aided in the receipt or concealment of the stolen property, to withstand the motion for directed verdict. Defendant was apprehended fleeing from the garage which housed the stolen vehicle. His palm print was impressed on the vehicle in such a manner as to indicate that the hood was up when it was left. The car was in a stripped condition when the defendant was apprehended.

Evidence of these circumstances was sufficient to submit the question of knowledge and concealment to the trier of fact to determine whether such evidence established guilt beyond a reasonable doubt.

Defendant's claim that the instruction to the jury was coercive is without merit. We find no element of coercion in the trial court's simple instruction to the jury that their verdict must be unanimous. *People v Timothy Washington,* 43 Mich App 150; 203 NW2d 744 (1972), *People v King,* 51 Mich App 788; 216 NW2d 76 (1974).

Defendant next claims that the trial court erred in not allowing defendant and his attorney reasonable time to allocute at the sentencing. GCR 1963, 785.8 provides:

"Sentencing. Before sentence is imposed the court shall:

\* \* \*

"(2) give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence."

The judge's remarks at sentencing indicate he had discussed the matter of sentencing at length with defense counsel in chambers. However, this discussion does not affirmatively appear on the record and we cannot assume that this off-the-record discussion allowed the defendant any opportunity to allocute as required by 785.8(2).

GCR 1963, 785.9 provides:

"Conformity with the practice provided under 785.3 through 785.8 shall affirmatively appear on the record."

Failure to comply with the rules requires resentencing.

Defendant's other claim of error is in regard to the jurisdiction of the district court in binding the defendant over to trial. This has been decided adverse to defendant in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed, but remanded for resentencing.