PEOPLE v ELIJAH SMITH

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCING—MITIGATING CIRCUMSTANCES—OP-
PORTUNITY TO ADDRESS COURT—COURT RULES—ALLOCUTION.
A defendant was afforded sufficient opportunity to inform the
trial court of any specific or mitigating circumstances relevant
to the imposition of sentence where the defendant and his
counsel were both present at the sentencing proceeding and
where, after some discussion in which defense counsel partici-
pated, defense counsel was asked "anything more?" and replied
in the negative; direct questioning of the defendant was not
necessary in such a situation (GCR 1963, 785.8[2]).

DISSENT BY M. J. KELLY, J.

2. CRIMINAL LAW—EVIDENCE—SUFFICIENCY OF EVIDENCE—ELEMENTS
OF OFFENSE.
Evidence in a criminal trial is not sufficient to convict the
defendant if it can not support a finding of guilty beyond a
reasonable doubt because one or more of the essential elements
of the crime is not proved.

3. LARCENY—ELEMENTS OF OFFENSE—CRIMINAL LAW.
The elements of larceny are: (1) an actual or constructive taking
of goods or property, (2) a carrying away or asportation, (3) the
carrying away must be with a felonious intent, (4) the subject
matter must be the goods or personal property of another, and
(5) the taking must be without the consent and against the will
of the owner.

REFERENCES FOR POINTS IN HEADNOTES
[1, 8] 21 Am Jur 2d, Criminal Law §§ 578, 584, 585.
[2] 21 Am Jur 3d, Criminal Law §§ 226, 447, 449.
[3, 4] 50 Am Jur 2d, Larceny §§ 9–54.
[5] 50 Am Jur 2d, Larceny §§ 23–34, 139.
[6] 21 Am Jur 2d, Criminal Law §§ 81, 82.
[7] 5 Am Jur 2d, Appeal and Error § 684 *et seq.*
[9] 21 Am Jur 2d, Criminal Law §§ 533, 545, 600.

4. Larceny—Larceny from Person—Elements of Offense—Proofs Required—Criminal Law.

A conviction of larceny from the person, in addition to requiring proof of the elements of larceny, requires proof that the goods or property taken were removed from the actual possession or custody of the person or his immediate presence.

5. Larceny—Criminal Law—Evidence—Taking Without Consent.

Evidence that a complainant offered his money to a defendant only because the defendant was armed and because the complainant was afraid of being hurt if he did not turn over the money is sufficient to support a finding that the taking was without the consent and against the will of the complainant.

6. Criminal Law—Intent—Inferences—Larceny.

Intent may be inferred from facts and circumstances established beyond a reasonable doubt, and the intent to commit a larceny in particular can be inferred from the nature of a defendant's acts.

7. Appeal and Error—Appellant's Brief—Court Rules.

The Court of Appeals need not consider any point not set forth in or necessarily suggested by the statement of questions involved in an appellant's brief (GCR 1963, 813.1).

8. Criminal Law—Sentencing—Mitigating Circumstances—Opportunity to Address Court—Court Rules—Allocution.

*A defendant should be given an opportunity at sentencing to personally address the trial court as to any specific or mitigating circumstances affecting the sentence; this requirement is not satisfied by answers of defense counsel to inquiries directed to defense counsel (GCR 1963, 785.8[2]).*

9. Criminal Law—Sentencing—Credit for Time Served—Court Rules.

A defendant should receive any credit for time served to which he may be entitled (GCR 1963, 785.8[3]).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted December 2, 1975, at Detroit. (Docket No. 22097.) Decided April 26, 1976. Leave to appeal applied for.

Elijah Smith was convicted of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*Durant, Talbot, Grant & McQuarrie,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and ALLEN and M. J. KELLY, JJ.

J. H. GILLIS, P. J. Judge ALLEN and I are in agreement with that portion of Judge KELLY's opinion which affirms the conviction. We agree with the language set forth therein and the reasoning embodied in his opinion for affirmance.

We further agree that the defendant should receive any credit for time served to which he may be entitled. GCR 1963, 785.8(3), *People v Peterson,* 62 Mich App 258; 233 NW2d 250 (1975).

We, however, disagree with Judge KELLY's determination that the trial court erred when sentencing defendant by failing to provide him with an opportunity to inform the court of any specific or mitigating circumstances relevant to imposing sentence.

The total sentencing transcript consists of 7-1/4 pages. The attorney had some input at the time of sentence, and towards the end of the transcript covering the plea, the trial court said, "Anything more, Mr. Pliskow?" We all recognize that it is the duty of the attorney to speak for and on behalf of his client. When Mr. Pliskow advised the court that there was nothing further, we would construe this statement to mean that neither defense counsel nor his client had any additional statements to

make to the court. We cannot equate the facts in this case with those in *People v Gonzales,* 60 Mich App 450, 454; 231 NW2d 393 (1975). In the *Gonzales* case, the court advised the defendant that he had discussed the matter in chambers with his counsel. It was apparent that defendant was not present during the discussion. Such is not the situation in our case where the record clearly denotes that the defendant was standing with counsel before the bench during the entire discussion.

Again, in *People v Brewer,* 60 Mich App 517, 523; 231 NW2d 375 (1975), the judge's remarks at sentencing indicated he had discussed the matter of sentencing at length with defense counsel in chambers; on appeal we stated that this Court could not assume that this off-the-record discussion allowed the defendant any opportunity to allocute. The facts here, again, are *contra* to those in the *Brewer* case.

We, therefore, vote to affirm the conviction without a remand to the trial court for the purpose of resentencing.

ALLEN, J., concurred.

M. J. Kelly, J. *(dissenting).* Defendant was charged with robbery armed, contrary to MCLA 750.529; MSA 28.797, and found guilty by the trial judge of larceny from the person, MCLA 750.357; MSA 28.589. He was sentenced to a term of 2-1/2 to 10 years, and appeals of right.

Defendant argues that there was not sufficient evidence to support a finding of guilty beyond a reasonable doubt because there was no evidence that the taking was without the consent and against the will of the complainant, and because the required felonious intent was absent.

At trial, the complaining witness testified that the defendant approached him on the street, holding a knife within inches of the complainant's body. The defendant directed the complainant into an alley. In an effort to avoid injury, the complainant indicated that he had some money and the defendant told the complainant to give it to him, which he did. Then defendant again told the complainant to go into the alley. The complainant then gave the defendant the remainder of his money, 75 cents. When the defendant dropped a coin and was bending to pick it up, the complainant ran away. The defendant was arrested moments later. Testimony also revealed that defendant had a prior conviction for attempted gross indecency with a male.

A challenge to the sufficiency of the evidence is measured by the following test—the evidence is insufficient if it could not support a finding of guilty beyond a reasonable doubt because one or more of the essential elements of the crime is not proved. *People v Kremko,* 52 Mich App 565, 574; 218 NW2d 112 (1974).

In *People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973), the elements of larceny were set forth as:

"(1) An actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner."

A conviction for larceny from the person also requires proof that the goods or property were removed from the actual possession or custody of the person or his immediate presence, *viz.,* the

area within his control. See *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970).

We find no failure of proof as to the elements of felonious intent and a taking without the consent and against the will of the owner. With regard to the taking, it is true that the complainant actually offered the money to the defendant, but only because the defendant had a weapon and because the complainant was afraid of being hurt if he didn't turn over the money. The defendant took and kept the complainant's money, first four dollar bills, and then 75 cents in change. The evidence supports a finding that the taking was without the consent and against the will of the complainant.

Next defendant contends that the prosecution failed to prove beyond a reasonable doubt that the defendant had the requisite felonious intent. In *People v Phillips,* 385 Mich 30, 37; 187 NW2d 211 (1971), the court stated:

"Intent is a state of mind which may be inferred from facts and circumstances established beyond a reasonable doubt."

Further, as was noted in *People v Johnson,* 54 Mich App 303, 304; 220 NW2d 705 (1974):

"There would rarely be a conviction if a criminal's intent had to be confessed or proven directly by a witness. Intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows."

In particular, the intent to commit a larceny can be inferred from the nature of the defendant's acts. *People v Grahlfs,* 34 Mich App 64; 190 NW2d 707 (1971).

It is inferrable that defendant entertained another intention when he directed the complainant toward the alley. His prior conviction for gross indecency tends to support this inference. Nevertheless, there is no reason to believe that the intent to commit a larceny did not co-exist. The fact that he took the defendant's money and kept it supports this inference. We find that the evidence was sufficient to support a finding of guilty on the charge of larceny from a person.

Before turning to defendant's next assignment of error regarding sentencing, we note that at oral argument counsel for defendant presented an additional issue. He argued that defense counsel at trial provided ineffective assistance, within the terms of *Beasley v United States,* 491 F2d 687 (CA 6, 1974), when he failed to move to suppress the defendant's conviction for gross indecency.

This Court need not consider any point which is not set forth in or necessarily suggested by the statement of questions involved in the appellant's brief. GCR 1963, 813.1. However, even if we were required to reach this issue, we would find no error under the tests set forth in *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), and *Beasley v United States, supra.* In fact, we believe that defendant's able trial counsel may have intentionally injected the issue of gross indecency into this nonjury trial as a matter of trial tactics. See *People v Degraffenreid, supra,* at 711.

Finally, defendant argues that the trial court erred when sentencing defendant by failing to provide him with an opportunity to inform the court of any specific or mitigating circumstances relevant to imposing sentence and by failing to state that defendant was entitled to credit for time already served, contrary to GCR 1963, 785.8(2) and

(3). I agree. The majority holds that the language of GCR 1963, 785.8(2), "give defendant and his lawyer a reasonable opportunity to advise the court * * * ", is satisfied when the attorney responds in the negative to the question, "Anything more?" This is certainly an interpretation that I could abide but I do not believe it is either the tenor or the trend of the law today which tends so often to isolate and examine the defendant's rights separate and apart from the actions of his attorney.

Defendant should be given an opportunity to address the court as to any specific circumstances as required by GCR 1963, 785.8(2). *People v Gonzales,* 60 Mich App 450, 454; 231 NW2d 393 (1975), *People v Brewer,* 60 Mich App 517, 522–523; 231 NW2d 375 (1975). In addition, defendant should receive any credit for time served to which he may be entitled. GCR 1963, 785.8(3). *People v Peterson,* 62 Mich App 258; 233 NW2d 250 (1975).

This case should be remanded to the trial court for resentencing at which defendant is personally and clearly given his right to allocute. Furthermore, his credit for time served should be computed and expressly indicated.