PEOPLE v SCHAEFER

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—RECORD—TRIAL.
   A factual basis for a guilty plea is adequately established where it appears on the record that a defendant pled guilty to an offense of which he might have been convicted at trial.

2. CRIMINAL LAW—SENTENCING—DEFENDANTS—OPPORTUNITY TO SPEAK—RELEVANT CIRCUMSTANCES—COURT RULES—RECORD.
   A court rule requires that a defendant be given an actual reasonable opportunity to advise the court of circumstances he believes should be considered when sentence is imposed, but it does not require a verbal recitation of that opportunity; therefore, the requirements of the rule were met where the record reveals that a defendant pleading guilty, following extended comments of defense counsel, had an opportunity to interject one observation without judicial curtailment of any attempt to speak further, and the defendant on appeal does not point out any additional facts or circumstances that should have been brought to the court's attention (GCR 1963, 785.8[2]).

Appeal from Macomb, George R. Deneweth, J. Submitted April 15, 1976, at Detroit. (Docket No. 25725.) Decided May 28, 1976.

Allen Schaefer was convicted, on his plea of guilty, of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George N. Parris,* Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 530.
   Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

*Kennedy & Hannick, P. C.,* for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

PER CURIAM. Following plea bargaining, defendant pled guilty to a charge of delivery of a controlled substance, heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to a term of 7 to 20 years in prison and appeals as of right.

Defendant's first claim of error is that the court failed to establish a sufficient factual basis for his plea. We disagree. The defendant pled guilty to an offense of which he might have been convicted at trial. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

Defendant's second contention is more troublesome. He argues that he was not given a reasonable opportunity to advise the court of circumstances he believed the court should consider in imposing sentence, as required by GCR 1963, 785.8(2). However, an examination of the record reveals that defense counsel was given ample opportunity to advise the court fully of certain extenuating circumstances. Further, defendant, on appeal, fails to point out any additional facts or circumstances that he would have brought to the court's attention.

The record also reveals one instance where the defendant interjected information that was considered by the court. The record further reveals that the judge asked defendant if he objected to a substitution of counsel at the sentencing hearing and that, after imposing sentence, the court asked defendant if he understood that his past offenses were not being considered in sentencing. On the whole, it appears to this Court that the judge was very familiar with defendant's circumstances and

that, had defendant chosen to add further information, the court would have permitted him to do so. The sentencing transcript bespeaks of a trial court giving satisfactory consideration to all facts presented it. In fact, the court, after hearing defense counsel's assertions, modified the plea agreement in defendant's favor, reducing the agreed upon minimum from 12 to 7 years.

The record clearly does not include any verbal statement by the judge of defendant's opportunity to offer relevant circumstances. Although this is certainly a preferable practice at sentencing, and a practice we strongly urge sentencing judges to adopt, we do not consider the practice mandatory. GCR 1963, 785.8(2) merely requires an actual reasonable opportunity, not a verbal recitation of that opportunity. However, absent a verbal statement, it is often difficult for this Court to find a reasonable opportunity. A record inadequately conveys any significant pauses, eye contact, or body language that would evince the court's willingness to hear defendant speak.

This Court has in the past ordered resentencing where the record clearly revealed a denial of opportunity. *People v Gonzales,* 60 Mich App 450; 231 NW2d 393 (1975), *People v Brewer,* 60 Mich App 517; 231 NW2d 375 (1974), *People v Jack Crawford,* 66 Mich App 738; 239 NW2d 734 (1976). We approve of their reasoning, but find those cases factually distinguishable and conclude defendant was offered a reasonable opportunity to inform the court of the circumstances relevant to sentencing. It appears that defendant had little to add following the extended comments of defense counsel and defendant does not now contend that any circumstances were not brought out. Defendant interjected one observation and the record does not

reveal any judicial curtailment of defendant's attempts to speak further.

Without finding any hint of the absence of opportunity, and noting a strong indication of actual opportunity, we are confident in concluding that defendant was offered the rights given by GCR 1963, 785.8(2).

Affirmed.