PEOPLE v JORDAN

Docket No. 77-3178. Submitted June 22, 1978, at Detroit.—Decided September 5, 1978.

Alvin Jordan was convicted, on his plea of guilty, of attempted possession of heroin and sentenced to a prison term of 1 year, 11 months to 2 years, Wayne Circuit Court, Richard D. Dunn, J. The defendant appeals, claiming that he was denied his right of allocution prior to sentencing and that the indeterminate sentence with a minimum sentence exceeding two-thirds of the maximum sentence was improper. *Held:*

1. The record supports the defendant's claim that he was denied his right of allocution.

2. The indeterminate sentence act did not apply to the defendant because the defendant had prior felony convictions.

Remanded.

R. M. MAHER, P. J., dissented in part. He would hold that the indeterminate sentence act does apply to the defendant's situation since the defendant was a repeat offender and not a habitual offender.

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—RIGHT OF ALLOCUTION—COURT RULES.

A case should be remanded for resentencing with a defendant having the right to advise the court of any circumstances he believes the court should consider in imposing sentence where there is ample support in the record for the defendant's allegation that he was denied his right of allocution prior to sentencing (GCR 1963, 785.8[2]).

2. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCE ACT— PRIOR FELONY CONVICTIONS—STATUTES.

The indeterminate sentence act applies only to one convicted of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 530.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

crime for the first time; it does not apply to a defendant who
has prior felony convictions; therefore, an indeterminate sen-
tence whereby the minimum sentence exceeds two-thirds of the
maximum sentence is not improper where the defendant has a
prior felony conviction (MCL 769.8; MSA 28.1080).

PARTIAL CONCURRENCE, PARTIAL DISSENT BY R. M. MAHER, P. J.

3. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE ACT—RE-
   PEAT OFFENDER—HABITUAL OFFENDER—STATUTES.
   *The indeterminate sentence act applies to a defendant who is a
   repeat offender rather than an habitual offender; therefore, an
   indeterminate sentence whereby the minimum sentence ex-
   ceeds two-thirds of the maximum sentence is improper for a
   defendant who is a repeat offender and not an habitual offender
   (MCL 769.8; MSA 28.1080).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Nels Olson* and *Robert M.
Morgan,* Assistants Prosecuting Attorney, for the
people.

*William R. McFadden,* for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and
McGREGOR,* JJ.

J. H. GILLIS, J. Defendant does not appeal from
his July 11, 1977, plea-based conviction of at-
tempted possession of heroin contrary to MCL
750.92, 335.341(4)(a); MSA 28.287, 18.1070(41)(4)(a),
wherein he was sentenced to a prison term of 1
year, 11 months, to 2 years. He does, however,
appeal from the sentence, alleging that he was
denied his right of allocution prior to sentencing
in conformity with GCR 1963, 785.8(2) and he
further contends that the minimum prison sen-

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tence of 1 year, 11 months, violates *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

There is ample support in the record for his first argument, and, therefore, we would remand the case for resentencing with the defendant having the right to advise the court of any circumstances he believes the court should consider in imposing sentence.

Inasmuch as the indeterminate sentence act (MCL 769.8; MSA 28.1080) only applies to one convicted of a crime for the first time, it does not apply to the instant case wherein the defendant had prior felony convictions. Defendant's sentence is therefore controlled by *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977). Accordingly, the trial court did not err in setting defendant's sentence at 1 year, 11 months to 2 years.

Remanded for proceedings consistent with this opinion.

McGregor, J., concurred.

R. M. Maher, P. J. *(concurring in part; dissenting in part).* An examination of the record indicates that the trial judge failed to comply substantially with GCR 1963, 785.8(2), 785.9. I agree, therefore, that this case should be remanded to the trial court for resentencing in conformance with these court rules. See *People v Elijah Smith,* 68 Mich App 551; 243 NW2d 681 (1976).

However, since defendant was a repeat offender and not an habitual offender, I believe that the indeterminate sentence act does apply to his situation and that his minimum prison sentence of 1 year and 11 months therefore violates *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). See *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), *People v Reginald Harris,* 80 Mich App 228;

263 NW2d 40 (1977), and *People v Reese,* 83 Mich App 186; 268 NW2d 340 (1978).

Accordingly I would remand to the trial court for allocution and resentencing in accordance with *People v Tanner, supra.*