# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KASON MAURICE WEEMS,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2015

No. 317861
Bay Circuit Court
LC No. 12-010613-FH

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of two counts of felonious assault, MCL 750.82(1), and eleven counts of assault and battery, MCL 750.81, stemming from his decision to drive a vehicle in an erratic manner through gridlocked fireworks traffic. In the process, defendant collided with multiple vehicles filled with families and nearly hit a pedestrian. Defendant challenges the sufficiency of the evidence supporting the element of his felonious assault convictions. Because a rational jury could infer from the evidence defendant's intent to injure or cause fear, we affirm.

## I. BACKGROUND

As expected following a large annual fireworks display, gridlock ensued at the conclusion of Bay City's 2012 Independence Day event. Rather than waiting in traffic as legally required of licensed motorists, defendant elected to maneuver his vehicle onto the sidewalk and proceed toward his destination despite the presence of pedestrians. A group of concerned and angered citizens approached defendant's vehicle at an intersection (at which defendant brought his car to a rest on the sidewalk). Defendant neither apologized for his disregard of the pedestrians' safety nor carefully made his way back into traffic. Instead, defendant exited his vehicle and engaged in a heated exchange with the crowd. Predictably, tensions rose and the crowd set upon defendant.

Defendant reentered his car. He then drove back into the roadway without waiting for a place to clear and struck the back end of a Buick Rendezvous. The vehicle was driven by Samantha Maschino and three children occupied the backseat. According to Maschino, defendant's car struck where her son was sitting. Maschino testified that defendant plowed right through the side of her car and took off down the road. Timothy Williamson, Maschino's financé, who was in a different vehicle directly in front of the Rendezvous, testified that "there was only one place to go and that was through the Rendezvous." The prosecutor charged

-1-

defendant with two counts of felonious assault for striking the Rendezvous (one count in relation to Maschino and the second in relation to her son). Defendant then proceeded to squeeze his vehicle between the lines of backed-up traffic and drove along, scraping against several vehicles and nearly hitting a pedestrian along the way. The subsequent collisions and near misses formed the basis of unchallenged assault and battery charges.

## II. INTENT FOR FELONIOUS ASSAULT

Defendant's sole argument on appeal is that the prosecution's evidence was insufficient to prove the necessary intent for felonious assault. Defendant concedes that he may be guilty of assault and battery in relation to his collision with Maschino's Rendezvous as that offense requires only a general intent to commit the act of striking the Rendezvous. We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In doing so, we review "the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt." *Id.*

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) *with the intent to injure or place the victim in reasonable apprehension of an immediate battery*." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999) (emphasis added). Felonious assault is a specific intent crime; it "requires the additional showing that the defendant intended to injure or intended to put the victim in reasonable fear or apprehension of an immediate battery." *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985) (quotation marks and citation omitted). "'Intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows.'" *People v Lawton*, 196 Mich App 341, 349; 492 NW2d 810 (1992), quoting *People v Johnson*, 54 Mich App 303, 304; 220 NW2d 705 (1974). See also *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999) ("Circumstantial evidence and the reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime."). "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *Id.* Further, "[a]ll conflicts in the evidence must be resolved in favor of the prosecution." *Id.* And we may not "interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses." *Id.*

Viewing the evidence in the light most favorable to the prosecution, a rational jury could infer that defendant had "the intent to injure or place the victim in reasonable apprehension of an immediate battery." It is uncontested that defendant *intentionally* drove his vehicle in the direction of Maschino's Rendezvous, which was sitting in traffic unable to move out of the way. Defendant asserts that his intent in striking the Rendezvous was to escape a dangerous situation. This intent is evidenced by the nature of the collision and the minor injury caused to the vehicle's occupants, defendant argues. Yet, the evidence also shows that defendant did not sound his horn or make any other efforts to warn or avoid colliding with the Rendezvous. Additionally, another witness testified that, before defendant reentered his vehicle and drove off into the Rendezvous, defendant slammed his hands onto the hood of his vehicle and yelled, "I've got to get to work." Defendant then drove his vehicle directly at the Rendezvous and pushed it far enough out the way to get through. The collision was hard enough that a jury could infer an

intent to injure or at least an intent to cause reasonable apprehension in Maschino and the children in her vehicle. Accordingly, we discern no grounds for relief.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause