PEOPLE v EBERHARDT

Docket No. 151244. Submitted April 5, 1994, at Detroit. Decided June
7, 1994, at 9:40 A.M.

James W. Eberhardt was convicted in two separate bench trials
in the Detroit Recorder's Court, Dalton A. Roberson, J., of
larceny from a person and of uttering and publishing for taking
from a letter carrier a check that was payable to his wife and
for forging her signature on the check and cashing the check.
The defendant was sentenced to concurrent terms of imprison-
ment of four to ten years for the larceny conviction and four to
fourteen years for the uttering and publishing conviction. The
defendant appealed.

The Court of Appeals held:

1. The testimony of the defendant's wife against the defen-
dant at the trial for uttering and publishing was admitted
properly under the personal wrong or injury exception to the
spousal privilege, MCL 600.2162; MSA 27A.2162, inasmuch as
the defendant committed a personal wrong against his wife by
interfering with her right to possess funds to which she was
entitled.

2. Larceny from a person is included in the robbery crime
group of the sentencing guidelines, and the defendant's sen-
tence for larceny was correctly scored under that group. Addi-
tionally, in cases of multiple convictions, scoring under the
guidelines need only be completed for the conviction that
carries the highest statutory maximum term. In this case, only
the sentence for uttering and publishing needed to be scored
under the guidelines.

3. The sentences, being within the recommendations of the
sentencing guidelines, are presumptively not excessively severe
or unfairly disparate, and the defendant failed to present
mitigating factors that could rebut that presumption.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law § 551; Witnesses § 299.

Crimes against spouse within exception permitting testimony by
one spouse against other in criminal prosecution—modern state
cases. 74 ALR4th 223.

1. Evidence — Spousal Privilege — Personal Wrong or Injury
   Exception.
   A spouse who forges the signature of the other spouse on a check
   payable to the other spouse and cashes the check commits a
   personal wrong against the other spouse; the testimony of the
   spouse whose signature was forged is admissible under the
   personal wrong or injury exception to the marital privilege in a
   prosecution for uttering and publishing against the spouse who
   committed the forgery (MCL 600.2162; MSA 27A.2162).

2. Sentences — Sentencing Guidelines — Multiple Convictions.
   In cases of multiple convictions, only the sentence for the convic-
   tion that carries the highest statutory maximum sentence need
   be computed under the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Christoph & Newman, P.C.* (by *Carl S. Christoph*), for the defendant on appeal.

Before: Cavanagh, P.J., and Jansen and D. C. Kolenda,* JJ.

Per Curiam. Defendant was convicted, following successive bench trials in the Detroit Recorder's Court, of larceny from a person, MCL 750.357; MSA 28.589, and uttering and publishing, MCL 750.249; MSA 28.446. He was subsequently sentenced to concurrent terms of four to ten years' imprisonment for the larceny conviction and four to fourteen years' imprisonment for the uttering and publishing conviction. He appeals as of right and we affirm.

The two incidents occurred on April 17, 1991, in the City of Detroit. Patricia Williams, a United

* Circuit judge, sitting on the Court of Appeals by assignment.

States Postal Service letter carrier, testified that defendant asked her to give him his wife's mail. Williams would not, so defendant took the mail bag, searched through it, removed his wife's mail, and ran off. On the basis of this testimony, the trial court found defendant guilty of larceny from a person.

At the second trial, defendant's wife testified, over defendant's objection that her testimony was barred by the spousal privilege rule, that she did not receive her Aid to Families with Dependent Children (AFDC) check as expected on April 17, 1991. Defendant's wife identified an AFDC check issued to her, but which was endorsed with her name although not by herself. She identified the endorsement as having been signed by defendant. Robert Ayar, an employee at Topps supermarket, testified that defendant brought his wife's AFDC check to the store on April 17 and asked Ayar to cash it, which he did. On the basis of this testimony, the trial court found defendant guilty of uttering and publishing.

Defendant first contends that his wife was precluded from testifying because of the spousal privilege rule. The trial court ruled that the testimony was admissible on the basis of the personal wrong or injury exception to the spousal privilege rule. MCL 600.2162; MSA 27A.2162 provides in pertinent part:

> A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, except . . . where the cause of action grows out of a personal wrong or injury done by one to the other. . . .

The spousal privilege should be narrowly construed, and exceptions to the privilege should be

broadly construed. *People v Love,* 425 Mich 691, 700-701; 391 NW2d 738 (1986); *People v Fisher,* 442 Mich 560, 574; 503 NW2d 50 (1993).

Contrary to defendant's claim, the grocery store was not the only victim of the crime of uttering and publishing. We believe that the personal wrong or injury exception applies to this case because defendant's action of forging the endorsement on his wife's AFDC check constituted a personal wrong against her by depriving her and her children of a benefit to which they were legally entitled. Therefore, defendant interfered with his wife's right of possession of money that she was entitled to receive. See *People v Pohl,* 202 Mich App 203, 207-208; 507 NW2d 819 (1993) (where this Court held that the destruction of personal property can constitute a personal wrong and the personal wrong or injury exception to the spousal privilege rule applied where the defendant broke into the marital home in violation of a restraining order, damaged property, and took joint and personal property in the possession of his wife).

Accordingly, the trial court did not err in ruling that the personal wrong or injury exception to the spousal privilege rule applied to the facts of this case.

Defendant next claims that the sentence for the conviction of larceny from a person was improperly scored under the "robbery" crime list of the sentencing guidelines. We have thoroughly reviewed the record and are unable to locate any sentencing guidelines for the crime of larceny from a person and defendant has not attached any such guidelines to his brief. We note that this is not error because the sentencing guidelines were prepared for the conviction of uttering and publishing, and where there are multiple convictions

for a single offender, the trial court need only complete the sentencing guidelines for the conviction that carries the highest statutory maximum. Michigan Sentencing Guidelines (2d ed), p 1, B, 4. The statutory maximum for uttering and publishing is fourteen years, while the statutory maximum for larceny from a person is ten years. Further, defendant's argument is incorrect because larceny from a person is listed under the "robbery" crime group in the sentencing guidelines. We find no error here.

Finally, defendant's sentences, which are within the sentencing guidelines recommendation of eighteen to sixty months for the conviction of uttering and publishing, are presumptively not excessively severe or unfairly disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Failing to present sufficient mitigating factors to overcome the presumption of proportionality, we find defendant's sentences to be proportionate to the seriousness of the circumstances surrounding the offenses and the offender (ten prior felony convictions, two prior misdemeanor convictions, defendant on parole when he committed the instant offenses). *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990); *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991).

Affirmed.