91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
R.D. FRANKLIN, Jr., Defendant-Appellant.
 No. 95-5875.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1996.
 
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant R.D. Franklin, Jr., appeals from his conviction and sentence for possession with intent to distribute cocaine (powder) and cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). At issue is whether (1) the district court erred in sentencing Franklin by failing to depart downward from the Federal Sentencing Guidelines based on the inequities in the 100-to-1 sentencing ratio between crack and powder cocaine; (2) Franklin's prior Tennessee conviction for "larceny from the person" is a "crime of violence" within the meaning of U.S.S.G. § 4B1.1; and (3) Franklin's conviction under § 924(c) lacks a sufficient basis in fact. We affirm.
 
 FACTS
 
 2
 On or about July 8, 1994, officers of the Memphis Police Department obtained a search warrant for R.D. Franklin's residence at 3479 Kallaher in Memphis, Tennessee. As they attempted to execute the warrant, Franklin ran out the back door of the residence and jumped a fence on the west side of the house. The officers ordered Franklin to stop, which he did, and they took him into custody. A .22 caliber pistol loaded with nine rounds was recovered from Franklin's right rear pants pocket, $120 was found in his right (presumably front) pants pocket, and 11.1 grams of crack cocaine and 6.7 grams of powder cocaine were recovered from his left shirt pocket.
 
 
 3
 On August 4, 1994, Franklin was charged by indictment on three counts of committing a drug offense. Counts one and two charged him with unlawful possession with intent to distribute 6.7 grams of cocaine and 11.1 grams of cocaine base, respectively, in violation of 21 U.S.C. § 841(a)(1). Count three charged him with using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He entered a guilty plea to all three counts of the indictment on January 27, 1995.
 
 
 4
 Franklin was sentenced on May 12, 1995. The district court found that his prior Tennessee conviction for "larceny from the person" was a "crime of violence" within the meaning of U.S.S.G. § 4B1.1 and, based in part on that determination, sentenced him as a "career offender" under that provision. The court sentenced Franklin to 185 months on counts one and two, a sixty-month mandatory consecutive sentence on count three, and a four-year term of supervised release.
 
 
 5
 Franklin timely appeals.
 
 DISCUSSION
 
 6
 Franklin raises three issues on appeal. First, he contends that the district court erred in sentencing him by failing to depart downward from the Sentencing Guidelines based on the inequities in the 100-to-1 sentencing ratio as to crack and powder cocaine. Second, Franklin claims that the court erred in sentencing him as a "career offender" under § 4B1.1 because his Tennessee conviction for "larceny from the person" is not a "crime of violence" within the meaning of that section. Third, Franklin claims that his firearm conviction under § 924(c) lacks an adequate basis in fact.
 
 
 7
 * We first consider Franklin's claim that the district court erred in sentencing him by failing to depart downward from the Sentencing Guidelines because of "the current inequities that pervade the sentencing guidelines with respect to the sentencing of 'crack' offenders." (Appellant's Br. at 7.) Franklin acknowledges this Circuit's cases upholding the constitutionality of the so-called crack-to-powder sentencing ratio, but maintains that the district court failed to appreciate its authority to depart downward on the basis of that disparity. According to the government, the court's failure to depart is not appealable because the court understood its discretion to depart downward and merely declined to exercise that authority.
 
 
 8
 As the government points out, where a defendant's Guidelines range was properly computed, the district court was not unaware of its discretion to depart downward, and the sentence imposed was not in violation of law or the result of an incorrect application of the Guidelines, the court's failure to depart is not appealable. United States v. Brannon, 7 F.3d 516, 522 (6th Cir.1993); United States v. Chalkias, 971 F.2d 1206, 1218 (6th Cir.), cert. denied, 506 U.S. 926 (1992). For purposes of this claim, there is no real dispute that Franklin's Guidelines range was properly computed and that his sentence was not imposed in violation of law or the result of an incorrect application of the Guidelines. Franklin contends merely that the court was unaware of its discretion to depart downward.
 
 
 9
 It is true, as Franklin claims, that the district court did not expressly state on the record that it was aware of its discretion to depart downward. However, as we recently explained in United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995), a district court has no duty to state affirmatively that it knows that it possesses the power to make a downward departure. Our review of the record makes plain that the district court believed that it had authority to depart downward based on the asserted inequities in the Sentencing Guidelines. It merely declined to do so. Therefore, the court's decision not to depart downward is unappealable, and Franklin's claim must fail.
 
 II
 
 10
 We next consider Franklin's claim that the district court erred in sentencing him as a "career offender" under U.S.S.G. § 4B1.1. Franklin contends that his Tennessee conviction for "larceny from the person" is not a "crime of violence" under § 4B1.1. Franklin acknowledges the contrary view of the First Circuit, but urges that this Court's decision in United States v. Arnold, 58 F.3d 1117 (6th Cir.1995), teaches that "if the state statutory and case law definitions of an offense encompass nonviolent as well as violent methods of commission, then the offense cannot be determined to be a violent offense under U.S.S.G. § 4B1.1." (Appellant's Br. at 15-16.) The government answers that while Franklin's prior conviction for "larceny from the person" is not specifically enumerated in the commentary to § 4B1.1, it qualifies as a "crime of violence" within the meaning of the section because it involves conduct imposing a "serious potential risk of physical injury to another" within the meaning of § 4B1.2.
 
 
 11
 Whether the district court properly construed the term "crime of violence" within the meaning of § 4B1.1 is a question of law; thus, we consider the question de novo. Arnold, 58 F.3d at 1120. Applying that standard, we agree with the district court that Franklin's prior conviction for "larceny from the person" is a "crime of violence" under § 4B1.1.
 
 
 12
 Section 4B1.1 of the Sentencing Guidelines provides, in pertinent part, that
 
 
 13
 [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 14
 U.S.S.G. § 4B1.1. For purposes of this appeal, it is undisputed that Franklin was at least eighteen years old at the time of the instant offenses and that those offenses include (and perhaps comprise) felony controlled-substance offenses. It is also undisputed that whether Franklin "has at least two prior felony convictions of either a crime of violence or a controlled substance offense" depends on whether his prior Tennessee conviction for "larceny from the person" is a "crime of violence."
 
 
 15
 According to the Guidelines, a "crime of violence" is
 
 
 16
 any offense under federal law or state law punishable by imprisonment for a term exceeding one year that--
 
 
 17
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 18
 (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 19
 Id. § 4B1.2. The application note to § 4B1.2 further provides as follows:
 
 
 20
 "Crime of Violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included where (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.
 
 
 21
 Id. § 4B1.2, comment. (n. 2).
 
 
 22
 As the Third Circuit explained in United States v. John, 936 F.2d 764 (3d Cir.1991), the Sentencing Commission contemplated essentially three ways by which a prior conviction may qualify as a "crime of violence":
 
 
 23
 (1) the prior conviction is for a crime that is among those specifically enumerated ...; (2) the prior conviction is for a crime that, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as an element of the offense, involves conduct posing a serious potential risk of physical injury to another.
 
 
 24
 Id. at 767 (emphasis added). It is the third of these categories that is at issue in this case: whether Franklin's Tennessee conviction involves conduct "posing a serious potential risk of physical injury to another."
 
 
 25
 Although it has since been repealed, the statute under which Franklin was convicted for "larceny from the person" provided as follows:
 
 
 26
 39-3-1106. Larceny from the person.--
 
 
 27
 (a) Whoever shall commit larceny by stealing from the person of another shall be confined in the penitentiary no less than three (3) nor more than ten (10) years.
 
 
 28
 (b) To constitute the offense of larceny from the person both the following circumstances must occur;
 
 
 29
 (1) The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from which it is taken.
 
 
 30
 (2) It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense.
 
 
 31
 Tenn.Code Ann. § 39-3-1106 (1988) (repealed 1989).
 
 
 32
 Like the First Circuit, we view the Tennessee crime of "larceny from the person" as a crime that involves conduct "posing a serious potential risk of physical injury to another." See United States v. McVicar, 907 F.2d 1, 1-3 (1st Cir.1990) (Breyer, J.); see also United States v. DeJesus, 984 F.2d 21, 23-24 (1st Cir.1993) (discussing Massachusetts statute requiring theft from either the victim's person or the victim's immediate vicinity). As Judge (now Justice) Breyer explained in McVicar,
 
 
 33
 the Tennessee statute ... explicitly says that the theft in issue is not simple larceny. The statute sets forth a serious penalty of three to ten years confinement "in the penitentiary;" and it specifies that the "theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken." Taking property directly from a person seems to run a "substantial" or "serious" risk that "physical force" or "physical injury" will follow.
 
 
 34
 907 F.2d at 2 (citations omitted); see United States v. Seaton, 45 F.3d 108, 113 (6th Cir.) (distinguishing larceny and larceny from the person and suggesting the latter covers a more dangerous situation), cert. denied, 115 S.Ct. 2012 (1995). Franklin's claim notwithstanding, our decision in Arnold does not mandate a contrary result. Accordingly, Franklin's claim must fail.
 
 III
 
 35
 Finally, we consider Franklin's claim that his conviction under § 924(c) lacks a sufficient basis in fact. Franklin urges that the record does not permit a finding that he "use[d]" or "carr[ied]" a weapon in relation to a drug crime within the meaning of § 924(c). He first maintains that the record does not show that his "use" of a firearm was "an active employment" as required by Bailey v. United States, 116 S.Ct. 501, 505 (1995). Next, he acknowledges that he "carr[ied]" a weapon within the meaning of § 924(c), but maintains that he did not "carry" that weapon "in relation to" a drug trafficking crime as that statute further requires. His possession of the firearm, Franklin says, was merely coincidental.
 
 
 36
 The government appears to concede that Franklin did not "use" a weapon within the terms of § 924(c), but disagrees that he did not "carry" one "during or in relation to" a drug trafficking crime. "To argue that appellant's possession of the firearm is merely coincidental," the government submits, "is tantamount to arguing that possession of a firearm by a bank robber is merely coincidental to the bank robbery." (Appellee's Supplemental Br. at 4.)
 
 
 37
 In considering the sufficiency of the evidence in support of Franklin's conviction, we must view that evidence in the light most favorable to the prosecution and inquire whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). While we agree with Franklin (and the government) that the record does not support his conviction under the "use" prong of § 924(c), we cannot agree with Franklin that it does not support his conviction under the "carry" prong of § 924(c). In our judgment, the record contains more than adequate evidence that Franklin "carr[ied]" a weapon "during and in relation to" a drug trafficking crime within the meaning of § 924(c).
 
 
 38
 As the Supreme Court explained in Bailey, "[s]ection 924(c)(1) requires the imposition of specified penalties if the defendant, 'during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm.' "[1] 116 S.Ct. at 505. It is altogether apparent from the express language of Bailey that "using" and "carrying" are two separate and independent bases for imposing the five-year additional punishment. Id. at 509. While the Court vacated the sentence in Bailey under the "use" prong of § 924(c), it did so expressly reserving the right in the lower courts upon remand to determine whether the defendant there was liable under the "carry" prong. Id. In this case, the language of the indictment was in the conjunctive, and the jury must be presumed to have found beyond a reasonable doubt that each of the two elements existed.
 
 
 39
 It is undisputed here that Franklin was carrying a weapon when arrested by the police. The sole question presented is, therefore, whether he was carrying that weapon "during and in relation to" a drug trafficking crime. Despite Franklin's argument, we have little difficulty concluding that he was carrying a firearm "during and in relation to" a drug trafficking crime. When stopped with the gun, Franklin was fleeing from his home with 11.1 grams of crack cocaine and 6.7 grams of powder cocaine. If these circumstances do not permit an inference that Franklin was carrying the firearm "during and in relation to" a drug trafficking crime, it is difficult to imagine any that would. See United States v. Riascos-Suarez, 73 F.3d 616, 623-24 (6th Cir.1996) (finding factual basis for a "carrying" offense where defendant was driving his car with drug paraphernalia and proceeds in the car and a firearm protruding from the driver's side of the console, easily within his reach); United States v. Cardenas, 864 F.2d 1528, 1530, 1533-36 (10th Cir.) (affirming conviction under § 924(c) where weapon "within effortless reach" of defendant selling drugs out of his truck), cert. denied, 491 U.S. 909 (1989); see also United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996) (identifying "immediate availability" and "physical transportation" as factual issues relevant to the "carry" prong).
 
 CONCLUSION
 
 40
 For the reasons stated, the decisions of the district court are AFFIRMED.
 
 
 
 [1]
 Section 924(c)(1) provides, in pertinent part, that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years."