**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry D. PAYNE, Defendant–Appellant.**

**No. 97–1979.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1998.

Decided Dec. 17, 1998.

Donald Daniels, Asst.U.S.Atty., Office of the U.S. Atty. for the Western District of Mich., Grand Rapids, MI, for Plaintiff–Appellee.

Roman J. Kosiorek (argued and briefed), Law Office of Terry L. Selles, Grand Rapids, MI, for Defendant–Appellant.

Before: BATCHELDER and MOORE, Circuit Judges; CARR,* District Judge.

## OPINION

KAREN NELSON MOORE, Circuit Judge.

We must decide in this appeal whether the crime of larceny from the person under Michigan law is a crime of violence so as to qualify as a predicate offense for career offender status under the United States Sentencing Guidelines. For the reasons stated below, we hold that it is and therefore **AFFIRM** the judgment of the district court. Although the district judge improperly employed a case-by-case analysis to determine whether larceny from the person is a crime of violence, we affirm because we hold as a matter of law that under Michigan law larceny from the person is a crime of violence.

## I. BACKGROUND

Defendant Larry D. Payne pleaded guilty to Count One of an information charging him with robbing Old Kent Bank in Holland, Michigan in violation of 18 U.S.C. § 2113(a). The district court sentenced Payne to 151 months of imprisonment as a career offender under U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 4B1.1 (1997), three years of supervised release and certain monetary penalties. Payne had been previously convicted under state law for lewd assault on a child and larceny from the person.

Payne appeals this sentencing determination, arguing that the district court improperly found larceny from the person to be a crime of violence under Michigan law. *See* MICH. COMP. LAWS ANN. § 750.357 (West 1991 & Supp.1998). The finding was necessary to deem Payne a career offender under U.S.S.G. § 4B1.1. Payne also argues that the district court erroneously applied a case-by-case analysis to the crime of violence determination.

## II. ANALYSIS

Under U.S.S.G. § 4B1.1, a person:

is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

crime of violence or a controlled substance offense.

Section 4B1.2 defines the term "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The district court found after evaluating the facts of Payne's prior larceny offense that the crime committed was a crime of violence for purposes of sentencing. We review interpretations of the Sentencing Guidelines de novo. *See United States v. Rutana,* 18 F.3d 363, 365 (6th Cir.1994); *United States v. Pierce,* 17 F.3d 146, 151 (6th Cir. 1994); *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993).

The first issue is whether the Michigan offense of larceny from the person falls within the definition of crime of violence. The Third Circuit provides a frequently cited passage delineating the three ways a prior conviction may be labeled a crime of violence under the Sentencing Guidelines:

(1) the prior conviction is for a crime that is among those specifically enumerated . . .; (2) the prior conviction is for a crime that, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as an element of the offense, involves conduct posing a serious potential risk of physical injury to another.

*United States v. John,* 936 F.2d 764, 767 (3d Cir.1991).

Larceny from the person is not an enumerated crime under the first category. It does not appear anywhere in the text or commentary of the Sentencing Guidelines.

Larceny from the person is also not a crime that has as an element the use, attempted use, or threatened use of physical force. The Michigan larceny-from-the-person statute states in its entirety: "Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years." MICH. COMP. LAWS ANN. § 750.357 (West 1991 & Supp.1998). Michigan courts have held that "[t]he elements of larceny are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be the goods or personal property of another, (5) and the taking must be without the consent of and against the will of the owner." *People v. Ainsworth,* 197 Mich.App. 321, 495 N.W.2d 177, 178 (Mich.Ct.App.1992) (quotation omitted). For the larceny to be "from the person," it is sufficient that property is taken that was in the possession and immediate presence of the victim. *See People v. Gould,* 384 Mich. 71, 179 N.W.2d 617, 622 (1970). *See also People v. Chamblis,* 395 Mich. 408, 236 N.W.2d 473, 481 (1975) (holding that if defendants developed the intent to deprive the victim of his money only after they beat him unconscious, theft would constitute larceny from the person, but not robbery). Michigan case law since the opinion in *Gould* makes clear that the property must be in the possession or immediate presence of the victim. *See, e.g., People v. Wallace,* 173 Mich.App. 420, 434 N.W.2d 422, 426 (1988) (quoting Criminal Jury Instruction 23:2:01 which says "the property must have been taken from the person of the complainant," and defines " '[f]rom the person' [to] mean[ ] that the property must have been taken from the body of the complainant or from within his [or her] immediate area of control or immediate presence"); *People v. Smith,* 68 Mich.App. 551, 243 N.W.2d 681, 683 (1976) (holding that taking money from a victim offering the money out of fear of violence can be larceny from the person because there is no consent and the money was "removed from the actual possession or custody of the person or his immediate pres-

ence, Viz., the area within his control"); *People v. Johnson,* 25 Mich.App. 258, 181 N.W.2d 425, 428 (1970) (finding no larceny from the person if the victim is in another room). *See also People v. Eberhardt,* 205 Mich.App. 587, 518 N.W.2d 511, 513 (1994) (recognizing that larceny from the person is in the robbery crime-group category for purposes of sentencing in Michigan).

"It is the element of force that distinguishes [unarmed robbery] from that of larceny from the person." *People v. LeFlore,* 96 Mich.App. 557, 293 N.W.2d 628, 630 (1980). Therefore, in light of the well-established Michigan precedent, we conclude that the offense of larceny from the person in Michigan does not have as an element force, attempted use of force, or threatened use of physical force.

■ The remaining issue is whether larceny from the person is a crime that "by its nature, present[s] a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2 commentary, applic. note 1. We apply a categorical approach to determine whether a particular offense creates a serious risk of physical injury to a person. *See United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995) (interpreting *Taylor v. United States,*[1] 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to apply to the Sentencing Guidelines); *United States v. Kaplansky,* 42 F.3d 320 (6th Cir.1994) (en banc) (holding that kidnaping by deception under Ohio law is a "violent felony" as a matter of law under 18 U.S.C. § 924(e)(2)(B)(ii)). "[T]he categor-

ical approach avoids the impracticability and unfairness of allowing a sentencing court to engage in a broad factfinding inquiry relating to a defendant's prior offenses." *Arnold,* 58 F.3d at 1121. The categorical approach requires that "a determination as to whether an offense constitutes a 'crime of violence' [be] based on the statutory definition of the crime." *Id.* Thus, we will not look at the underlying facts of Payne's prior conviction for larceny from the person.[2]

■ A number of courts confronted with larceny-from-the-person statutes of different states have held them to be crimes that "involve[ ] conduct posing a serious potential risk of physical injury to another." *John,* 936 F.2d at 767. *See, e.g., United States v. Hawkins,* 69 F.3d 11 (5th Cir.1995) (interpreting Texas law), *cert. denied,* 516 U.S. 1163, 116 S.Ct. 1053, 134 L.Ed.2d 198 (1996); *United States v. De Jesus,* 984 F.2d 21 (1st Cir.1993) (interpreting Massachusetts law); *United States v. Franklin,* 1996 WL 428413, 91 F.3d 144 (6th Cir. July 30, 1996) (unpublished opinion) (interpreting Tennessee law). *But see United States v. Lee,* 22 F.3d 736 (7th Cir.1994) (holding that "theft from the person of another" under Wisconsin law is not a crime of violence as a matter of law, and can only qualify as such if there are sufficient facts in the indictment to indicate that a serious threat of violence occurred). The elements of the offense in each one of these states were substantially the same. We find persuasive the reasoning of those circuits holding that larceny from the person is a crime of violence.

---

1. In *Taylor,* the Supreme Court adopted a federal definition of "burglary" to apply to all sentencing questions under the sentence-enhancement provision 18 U.S.C. § 924(e). *See* 495 U.S. at 592, 110 S.Ct. 2143 ("We think that 'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."). Section 924(e)(2)(B) is practically identical to U.S.S.G. § 4B1.2(a). "Burglary" fell within the list of crimes specifically enumerated in § 924(e)(2)(B)(ii), as it is likewise under § 4B1.2(a)(2). For offenses held to be "crimes of violence" under the "conduct that presents a serious potential risk of physical injury to another" category, *Taylor* did not indicate whether a single federal definition for crimes not enumerated is also required. Our holding, consistent with the approach that our court took in its en banc opinion in *United States v. Kaplansky,* 42 F.3d 320 (6th Cir.1994) (en banc), is that larceny from the person is a crime

of violence as a matter of law under Michigan's statute.

2. This court held in *Arnold* that when it is not clear from the elements of the offense alone whether the crime involved a serious risk of potential injury to another, the sentencing court may review the indictment for the specific conduct charged. *See* 58 F.3d at 1123. Such a limited factual inquiry will satisfy the concerns expressed by the Supreme Court in *Taylor* regarding broad factfinding inquiries. Even such a limited inquiry, however, is not necessary in this case. We hold above that in Michigan larceny from the person, because of the "from the person" element, will always pose a substantial risk of physical injury to another, and the offense is therefore a "crime of violence" as a matter of law.

We think larceny from the person is a crime that creates a substantial risk of physical harm to another. As explained above, Michigan law interprets "from the person" narrowly to require that the property be taken from the possession of the victim or be taken from within the immediate presence or area of control of the victim. This is clearly the type of situation that could result in violence. Any person falling victim to a crime involving such an invasion of personal space would likely resist or defend in a manner that could lead to immediate violence. Whether or not violence or harm actually results in any given instance is not relevant. We agree with the First Circuit that "although larceny from the person 'typically involves no threat of violence,' the risk of ensuing struggle is omnipresent." *De Jesus,* 984 F.2d at 24 (citation omitted).

We think the Seventh Circuit's reasoning in *United States v. Lee* is flawed. *See* 22 F.3d at 740–41. The Seventh Circuit appears to have been concerned that crimes where no violence or demonstrated risk of imminent violence occurred could end up classified as crimes of violence under the Sentencing Guidelines. The court said "[t]he Government's claim that pick-pocketing and similar crimes pose a substantial risk of injury is, in fact, little more than conjecture, and such speculation is not a sufficient basis for this Court to hold that the conduct with which defendant was finally charged is a 'crime of violence.'" *Id.* at 741. We are not speculating, however, as to any of the facts surrounding the underlying offense for which Payne was convicted. We are, instead, applying the categorical approach required by binding precedent to a particular statutory offense. The Sentencing Guidelines clearly envision the labeling of certain offenses that do not always, and perhaps even rarely, result in violence as "crime[s] of violence" under § 4B1.1. Certain enumerated offenses, such as burglary, arson, and extortion, dem-

onstrate this point. The Sentencing Guidelines make clear that neither actual violence nor an imminent threat of violence must occur before an offense can qualify for this classification.

The Sentencing Guidelines include within the definition of crime of violence any offense creating "a serious *potential* risk of physical injury." U.S.S.G. § 4B1.2(a)(2) (emphasis added). We can think of no situation in which larceny from the person could occur without presenting a serious potential risk of physical injury.[3] Under the categorical approach, we will not inquire into whether or not such physical injury actually occurred in the case at bar.

The district court found that determining whether larceny from the person is a crime of violence must be decided on a case-by-case basis. The district judge in a sentencing hearing discussed the specific facts of Payne's 1991 larceny-from-the-person conviction in an effort to determine whether a potential for violence existed. As indicated above, this court has adopted the categorical approach to defining crimes of violence under the Sentencing Guidelines precisely to avoid broad-based factual inquiries into prior offenses. We hold therefore that the district court's analysis was erroneous. Because we hold that the crime of larceny from the person in Michigan is a crime of violence as a matter of law, however, the district court's misguided review of the underlying facts of Payne's prior offense has no effect on the disposition of this case. The district court's actions were therefore harmless error.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.

---

**3.** We do not believe that certain underlying facts could lead to an unjust result. The district court, for example, mentioned conduct that would qualify as larceny from the person, such as stealing from a sleeping or unconscious person, or pick-pocketing without the victim's knowledge, that at first glance appear troubling. J.A. at 59; *see Hall v. People,* 39 Mich. 717 (1878) (victim asleep); *see also Chamblis,* 236 N.W.2d at 481

(victim unconscious). We conclude, however, that even in these situations larceny from the person is an "offense where the risk of physical injury to the victim is invariably present." *Kaplansky,* 42 F.3d at 324. These situations still involve a serious potential risk of physical injury to another, simply because the victim might notice the pickpocketing act, wake from her sleep, or not be unconscious after all.