**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0475n.06
Filed: August 8, 2008

No. 06-1698

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| | ) | |
| TODD MICHAEL MERCHANT, | ) | O P I N I O N |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE:  MARTIN and NORRIS, Circuit Judges, and STAMP, Senior District Judge.*

FREDERICK P. STAMP, JR., Senior District Judge.  Todd Merchant was charged in a Fourth Superseding Indictment on various counts relating to his involvement in a conspiracy to distribute heroin and cocaine in Lansing, Michigan.  Defendant Merchant pleaded guilty to three counts of distribution of heroin and three counts of distribution of cocaine and, at sentencing, received a sentence at the lowest end of the advisory guideline range.  Merchant now challenges the reasonableness of his sentence and the application of the career offender enhancement.

*The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia sitting by designation.

I.  Career Offender Enhancement

Todd Merchant argues that he was improperly classified as a career offender pursuant to U.S.S.G. § 4B1.1.[1]  Merchant asserts that each of the three predicate offenses listed in his Presentence Investigation Report ("PSR") are not crimes of violence within the meaning of § 4B1.2. That section, in relevant part, defines a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1)　has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2)　is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The criminal history portion of the PSR identifies Merchant's following prior convictions as crimes of violence: (1) Escape in violation of Mich. Comp. Laws § 750.193 (1978), (2) Resisting and Obstructing a Police Officer in violation of Mich. Comp. Laws § 750.479 (1991), (3) Assaulting, Resisting and Obstructing a Police Officer in violation of Mich. Comp. Laws § 750.81D(1) (2004).  For the reasons set forth below, the career offender enhancement was properly applied to Merchant because the two resisting and obstructing convictions constitute "crimes of violence."

　　a.　Resisting and obstructing a police officer

---

[1] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  In this case, prongs 1 and 2 are undisputed.

In 2000, Merchant pleaded guilty to resisting and obstructing a police officer in violation of Michigan law. At the time Merchant was convicted, Mich. Comp. Laws § 750.479 provided in pertinent part:

> Any person who shall knowingly and willfully ... obstruct, resist, oppose, assault, beat or wound ... any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace shall be guilty of a misdemeanor...punishable by imprisonment...[of] not more than 2 years....

Mich. Comp. Laws § 750.479 (1991). This crime qualifies as a crime of violence because it categorically "involves conduct that presents a serious potential risk of physical injury to another." *United States v. Baker*, 03-1676, Nov. 10, 2005. Indeed, the Michigan Supreme Court has interpreted the statute as proscribing only conduct involving actual or threatened violence. *People v. Vasquez,* 631 N.W.2d 711, 721 (Mich. 2001). Therefore, this conviction was appropriately counted for the purpose of a career offender determination.

b.      Assaulting, resisting and obstructing a police officer

In 2005, Merchant was convicted of assaulting, resisting and obstructing a police officer in violation of Mich. Comp. Laws § 750.81D(1). The statute provides that "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years." Mich. Comp. Laws § 750.81D(1). "'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Mich. Comp. Laws § 750.81D(7)(a).

As with Merchant's 2000 conviction for resisting and obstruction, this crime also qualifies as a crime of violence because it categorically "involves conduct that presents a serious potential risk of physical injury to another." *See United States v. Baker*, 03-1676, Nov. 10, 2005. Although a

violation of Mich. Comp. Laws § 750.81D(1) can occur non-violently through a person's "knowing failure to comply with a lawful command," "neither actual violence nor an imminent threat of violence must occur before an offense can qualify" as a crime of violence. *Id.* (citing *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1998)). Additionally, the placement of this statute in the "Assaults" chapter of the Michigan Penal Code evidences a legislative intent that Mich. Comp. Laws § 750.81D(1) proscribe violent conduct as opposed to passive resistance. Therefore, Merchant's 2005 conviction for assaulting, resisting and obstructing a police officer is a crime of violence and was also properly counted for the purpose of applying the career offender enhancement.

## II. Substantive Reasonableness of Sentence

Todd Merchant next contends that his sentence is disproportionate to the seriousness of his offense because of the application of the career offender enhancement. This argument is without merit. Because Merchant's sentence falls within the advisory guideline range, this Court reviews his sentence under an abuse of discretion standard and applies a rebuttable presumption of reasonableness. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). A sentence may be substantively unreasonable where the sentencing judge has selected the sentence arbitrarily, has relied upon impermissible factors, has failed to consider the factors required under 18 U.S.C. § 3553(a), or has assigned unreasonable weight to any relevant factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

The transcript of the sentencing hearing reveals that the district court considered the factors under § 3553(a). The court reviewed Merchant's extensive criminal history, discussed the role of deterrence and uniformity of sentences, and recognized that Merchant's role as a drug distributor was relatively minor. The district judge concluded that based on those factors, a sentence at the lowest end of the guidelines (151 months incarceration) was warranted. Nothing in the district judge's

articulated reasons for imposing 151 months incarceration gives cause for concern that he selected the sentence arbitrarily, relied on impermissible factors, or assigned unreasonable weight to any relevant factor. Accordingly, Merchant has failed to rebut the presumption of reasonableness attached to his within-guidelines sentence.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment and the sentence imposed by the district court.