NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0175n.06

Case No. 16-3382

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 22, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JON HERRING, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE, Chief Judge; COOK and WHITE, Circuit Judges.

COOK, Circuit Judge. Defendant Jon Herring, Jr., pleaded guilty to one count of conspiring to possess with intent to distribute cocaine base. The district court sentenced Herring as a career offender to 120 months in prison after concluding that Herring's prior Ohio aggravated assault conviction constituted a crime of violence under the Sentencing Guidelines. Herring appeals his sentence, and we AFFIRM.

A defendant qualifies as a career offender if the crime of conviction "is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The only question is whether Herring's Ohio aggravated assault conviction constitutes a "crime of violence."

The Guidelines define "crime of violence" as an offense that: "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(1) & (2) (2015).[1] Ohio's aggravated assault statute provides that no person shall cause "serious physical harm to another" or "cause or attempt to cause physical harm . . . by means of a deadly weapon." Ohio Rev. Code § 2903.12(A)(1)–(2).

In *United States v. Perry*, 703 F.3d 906 (6th Cir. 2013), we held that under the Armed Career Criminal Act (ACCA)'s residual clause, Ohio aggravated assault qualifies as a violent felony because it "proscribes conduct that presents a serious potential risk of physical injury to another."[2] *Id.* at 910 (quotation marks omitted); *see also United States v. Anderson*, 695 F.3d 390, 406 (6th Cir. 2012) (White, J., concurring) (noting that Ohio aggravated assault convictions qualify as violent felonies under the ACCA residual clause). Though *Perry* applied the ACCA's "violent felony" definition, the career-offender guideline in effect at Herring's March 2016 sentencing employed identical language in defining "crime of violence," so we interpret the two provisions similarly. *See United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). Tracking

---

[1] An August 2016 Amendment to the Sentencing Guidelines removed the residual clause from § 4B1.2. Since Herring was sentenced prior to the amendment, the residual clause still applies to his case. *See* USSG § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

[2] In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. We later held that *Johnson*'s reasoning applies with equal force to the Guidelines' residual clause. *United States v. Pawlak*, 822 F.3d 902, 904 (6th Cir. 2016). But the Supreme Court recently held that "the advisory Guidelines are not subject to vagueness challenges," *Beckles v. United States*, ---S. Ct.---, 2017 WL 855781, at *3 (March 6, 2017), thus abrogating *Pawlak*, and permitting the application of USSG § 4B1.2(a)'s residual clause.

*Perry*, we conclude that Herring's aggravated assault conviction falls within the Guidelines' crime-of-violence residual clause.

Accordingly, we uphold the sentence imposed by the district court and AFFIRM Herring's conviction.