**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0651n.06

Case No. 16-2033

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|                                        |     |                                                           |
| -------------------------------------- | --- | --------------------------------------------------------- |
| UNITED STATES OF AMERICA,              | )   | **FILED**                                                 |
|                                        | )   | Nov 22, 2017                                              |
| Plaintiff-Appellee,                    | )   | DEBORAH S. HUNT, Clerk                                    |
|                                        | )   |                                                           |
| v.                                     | )   | ON APPEAL FROM THE UNITED STATES DISTRICT                 |
|                                        | )   | COURT FOR THE WESTERN                                     |
| MARK SAMUEL JOHNSON,                   | )   | DISTRICT OF MICHIGAN                                      |
|                                        | )   |                                                           |
| Defendant-Appellant.                   | )   |                                                           |

**O P I N I O N**

BEFORE:  COLE, Chief Judge; McKEAGUE and STRANCH, Circuit Judges.

**McKEAGUE, Circuit Judge.**   Mark Johnson pleaded guilty to being a felon in possession of a firearm.  At sentencing, the district court concluded that Johnson's prior conviction for armed robbery under Michigan law qualified as a crime of violence under § 4B1.2(a)(1) of the Sentencing Guidelines (the "elements clause"), and enhanced his base offense level accordingly.  Johnson contends that this was error.  Even if Johnson were right that Michigan armed robbery does not qualify as a crime of violence under the Guidelines' elements clause, it does so qualify under the residual clause, which was still in effect at the time of his original sentencing.  Therefore, we reject Johnson's challenge and **AFFIRM** the district court.

## I

In September 2015, Kalamazoo, Michigan police officers encountered Mark Johnson walking around with a loaded gun. Told to put the gun down, Johnson instead pointed the gun at the officers and ran away. With help from a canine, officers eventually apprehended Johnson in the woods nearby.

Johnson was charged with, and pleaded guilty to, being a felon in possession of a firearm. At Johnson's sentencing hearing, on July 12, 2016, the district court considered whether three of Johnson's prior convictions qualified as crimes of violence under the Guidelines. Those convictions were: (1) a 2003 conviction for armed robbery; (2) a 2010 conviction for assaulting/resisting/obstructing an officer causing injury; and (3) a 2010 conviction for fleeing and eluding.

The timing of Johnson's sentencing was crucial. Johnson's sentencing, on July 12, 2016, came before the U.S. Sentencing Commission's August 1, 2016, deletion of the Guidelines' residual clause in § 4B1.2(a)(2). But it also occurred while *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), which invalidated the residual clause in the Sixth Circuit, remained good law.

The district court thus sentenced Johnson under the presumption that the residual clause could not be a basis for finding any of Johnson's prior convictions to be crimes of violence. The district court determined that only one of Johnson's convictions—the 2003 Michigan armed robbery conviction—qualified as a crime of violence, and only under the elements clause of the Guidelines in § 4B1.2(a)(1). Because of its finding that Johnson had one prior crime of violence conviction, the district court ratcheted up Johnson's base offense level. Even with that enhancement, however, the district court felt that the resultant Guidelines range of 57 to 71

months was inadequate and varied upward to the range recommended in the PSR—84 to 105 months. After lowering that range for Johnson's substantial assistance under U.S.S.G. § 5K1.1, the court imposed a 63 month sentence. Johnson appealed.

## II

Two decisions—one from the Supreme Court, and another from this court—guide us to the correct result in this appeal.

The Supreme Court case is *Beckles v. United States*, 137 S. Ct. 886 (2017). Johnson was sentenced on July 12, 2016, when *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), remained the prevailing law in this Circuit. In *Pawlak*, we held that the Guidelines' residual clause was unconstitutionally vague, meaning Johnson's prior convictions could not qualify as crimes of violence under the Guidelines' residual clause. 822 F.3d at 903. But while Johnson's appeal was pending, *Beckles* abrogated *Pawlak*, holding that the Guidelines were not subject to vagueness challenges. 137 S. Ct. at 890. The government argues that, even if Johnson's Michigan armed robbery conviction is not a crime of violence under the elements or enumerated offense clauses of the Guidelines, it is under the *Beckles*-revived residual clause. That is because Michigan armed robbery categorically fits within the residual clause, which renders any crime that "presents a serious potential risk of physical injury to another" a crime of violence. U.S.S.G. § 4B1.2(a)(2).

That brings us to the critical Sixth Circuit case: *United States v. Tibbs*, 685 F. App'x 456 (6th Cir. 2017).[1] In *Tibbs*, we held that a Michigan armed robbery conviction under M.C.L.

---

[1] Although *Tibbs* is unpublished, for the reasons explained herein, we find it persuasive and adopt its reasoning. *Cf. Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004) (following an unpublished opinion because "its reasoning is instructive"). Another panel of this court recently relied on *Tibbs* in concluding that Michigan armed robbery is a residual clause crime of violence. *United States v. Goodrich*, No. 16-1795, 2017 WL 4350896, at *3 (6th Cir. Oct. 2, 2017) ("This Court has already determined that armed robbery under [M.C.L. § 750.529] qualifies as a crime of violence under the residual clause of the Guidelines.")

§ 750.529—the same statute under which Johnson was convicted in 2003—was a crime of violence under the Guidelines' residual clause. *Id.* at 461. The *Tibbs* court thus found that it "need not parse the Michigan armed robbery statute to determine whether it satisfies the force-as-an-element clause" (in § 4B1.2(a)(1)) and upheld the defendant's sentence only on the basis of the residual clause. *Id.* If *Beckles* revives the residual clause for the purpose of Johnson's sentencing, and if *Tibbs* means that Johnson's Michigan armed robbery conviction is a residual clause crime of violence, then the conclusion seems clear: the district court's determination that Johnson committed at least one prior crime of violence should be affirmed.

Not so fast, Johnson says. While Johnson does not dispute that *Beckles* allows us to consider whether his prior convictions are crimes of violence under the Guidelines' residual clause,[2] he argues *Tibbs* erred in concluding that a conviction for Michigan armed robbery under M.C.L. § 750.529 so qualifies. Why was *Tibbs* incorrect, according to Johnson? Because *Tibbs* imprudently relied on another wrongly decided case of ours, *United States v. Payne*, 163 F.3d 371 (6th Cir. 1998). In other words, to reach his desired result in this case, Johnson asks us to essentially disregard (if not overrule) two prior decisions of this court. This argument fails.

---

[2] It wouldn't have done Johnson any good to argue otherwise. Several panels of this court, beyond *Tibbs*, have also held that defendants sentenced while *Pawlak* was good law but whose appeals are decided after *Beckles* can have their crime-of-violence designations affirmed based on the residual clause. A unanimous panel recently found it unnecessary to "address whether [the defendant's] convictions meet either the elements or enumerated clauses if they still qualify as violent crimes under the residual clause in place at the time of his sentencing and resentencing." *Goodrich*, 2017 WL 4350896 at *2. That was true even though the Sentencing Commission has since deleted the residual clause from the Guidelines. *Id.* ("[W]e are bound to consider Goodrich's earlier convictions on the basis of the revived (though no longer extant, having been removed by the Sentencing Commission) residual clause."). Another panel said the same in a published opinion in *United States v. Patterson*. 853 F.3d 298, 305 (6th Cir. 2017) (affirming sentence under the residual clause, because post-*Beckles*, the residual clause "was still part of the Guidelines at the time of Patterson's sentencing."). The beat goes on—post-*Beckles*, every decision issued by the Sixth Circuit involving this question has concluded that the residual clause can provide an alternative basis for affirmance. *See United States v. Herring*, 683 F. App'x 424, 425 n.1 (6th Cir. 2017) (holding that the residual clause would apply on direct appeal even if the defendant was originally sentenced when *Pawlak* was still good law); *United States v. Jackson*, 2017 WL 3393946 at *3 (6th Cir. Aug. 8, 2017) (holding that "it is immaterial whether Jackson's prior convictions would not be considered crimes of violence under the use of force clause, as long as they would still qualify under the residual clause").

Johnson's argument really starts with *Payne*. In *Payne*, we held that "larceny from the person" qualified as a residual clause crime of violence because it "is a crime that creates a substantial risk of physical harm to another." 163 F.3d at 375. A conviction required proof that property was "taken from the possession of the victim or [] taken from within the immediate presence or area of control of the victim." *Id.* Employing the categorical approach, "[w]e [could] think of no situation in which larceny from the person could occur without presenting a serious potential risk of physical injury." *Id.*

*Tibbs* relied on *Payne*. Like the larceny-from-the-person offense at issue in *Payne*, Michigan armed robbery has "as an element the taking of property from the victim's person or presence." *Tibbs*, 685 F. App'x at 461. If that element was enough to render larceny from the person a residual clause crime of violence, we reasoned, then surely it sufficed to do the same for armed robbery, which requires the additional presence (or perception) of a weapon, "which only increases the risk of violence." *Id.*

Johnson argues that *Payne* got it wrong, and by following *Payne*, so did *Tibbs*. *Payne*'s mistake, Johnson says, was incorrectly framing the inquiry under the so-called categorical approach, which we use to determine whether a conviction qualifies as a crime of violence. "Under this approach, the facts and circumstances underlying the defendant's felony conviction are generally of no consequence, and a court does no more than examine the definition of the crime provided by the state legislature." *United States v. Herrera*, 375 F.3d 399, 403 (6th Cir. 2004). "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense 'necessarily involved . . . facts equating to [the] generic [federal offense].'" *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)) (internal quotation marks omitted).

But rather than looking at the "least of the acts criminalized" by Michigan's larceny-from-the-person law and determining "whether even those acts are encompassed by the generic federal offense," as the categorical approach requires, *Moncrieffe*, 569 U.S. at 191, Johnson contends *Payne* reached its conclusion by looking at the *most* culpable acts that larceny from the person could punish. Johnson's best evidence of this is the *Payne* court's statement that "although larceny from the person typically involves no threat of violence, the risk of ensuing struggle is omnipresent." 163 F.3d at 375 (internal citation and quotation marks omitted). Because the court admitted that the crime often does not involve a direct threat of violence, Johnson argues, it should not have been considered (as a categorical matter) a crime of violence under the residual clause.

Johnson's argument requires us to stop reading after the dependent "although" clause. Good grammar and common sense counsel otherwise. The key part of the scrutinized sentence is the latter half—the court's conclusion that "the risk of ensuing struggle is omnipresent." *Id.* The residual clause says that any crime that presents the "serious potential risk of physical injury to another" is a crime of violence. And the *Payne* panel concluded that larceny from the person *always* presents that *risk*. Subsequent decisions explaining *Payne* have echoed that reasoning. *See, e.g.*, *United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012) ("But simply because force or violence is not used to effect the theft does not mean the perpetrator's conduct precludes a potential for violent confrontation."). What's more, Johnson's argument that *Payne* wrongly focused on the *most* culpable acts punished is in tension with the court's statement that it could "think of no situation" in which the offense could be committed without risking physical injury to another. 163 F.3d at 375. Johnson's reading of *Payne* is unpersuasive.

So, too, is Johnson's argument against *Tibbs*, which is premised on his criticism of *Payne*. We therefore decline Johnson's invitation to ignore *Tibbs* and instead find our decision today informed by it. As in *Tibbs*, even if Johnson could convince a majority of this panel that Michigan armed robbery is not a crime of violence under the elements or enumerated offense clauses of the Guidelines, his victory would be a hollow one: the residual clause still shields his sentence from reversal.

### III

Finding no error in the district court's conclusion that Johnson's Michigan armed robbery conviction qualifies as a crime of violence, we **AFFIRM**.